# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| AARON KAPP, individually and as the representative of a class of similarly situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. |
| CULLIGAN INTERNATIONAL COMPANY, | ) ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C §§ 1441 and 1446, Defendant, Culligan International Company ("**Culligan**"), by and through its undersigned counsel, hereby removes the above-entitled action from the Circuit Court of Cook County, County Department, Chancery Division to the United States District Court for the Northern District of Illinois, Eastern Division, on the basis of the following facts:

## A. DEFENDANTS' NOTICE OF REMOVAL IS TIMELY

1. On or about December 14, 2018, Plaintiff, Aaron Kapp ("**Plaintiff**") commenced an action in the Circuit Court of Cook County Illinois, County Department, Chancery Division, captioned *Aaron Kapp, individually and as the representative of a class of similarly situated persons v. Culligan International Company*, Case No. 2018 CH 15540 (the "**Action**").

2. On or about January 3, 2019, Culligan received service through its registered agent of the Complaint filed in this Action and the Summons issued by the Court in connection therewith. Pursuant to 28 U.S.C. § 1446(a), a true and accurate copy of all process, pleadings, and orders served upon Culligan in the action is attached hereto as **Exhibit A**.

3.      This Notice of Removal is filed within 30 days of receipt of service by Culligan of the initial pleading setting forth the claims for relief upon which the action is based and the corresponding summons.  28 U.S.C. § 1446(b).

**B.      THE CASE INVOLVES A FEDERAL QUESTION**

4.      In the Complaint, Plaintiff alleges one claim against Culligan under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq.  (See Complaint at p. 16).

5.      Therefore, this case involves a claim arising under the laws of the United States. *See* 28 U.S.C. § 1331;

**C.      REMOVAL IS PROPER PURSUANT TO 28 U.S.C. §§ 1441 AND 1446**

6.      This Court has original jurisdiction over this action under 28 U.S.C. § 1331.  *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012); *A Custom Heating & Air Conditioning, Inc. v. Kabbage, Inc.*, No. 16 C 2513, 2017 U.S. Dist. LEXIS 93134 (N.D. Ill. June 16, 2017). Pursuant to 28 U.S.C. §§ 1441 and 1446, removal of the above-captioned state court action to this Court is appropriate.

7.      This action is properly removed to the United States District Court for the Northern District of Illinois, Eastern Division, because it is the district and division embracing Cook County, Illinois, where the state court action is pending.  28 U.S.C. §§ 1441(a).

8.      Written notice of the filing of this Notice of Removal is being promptly provided to counsel for all adverse parties.  28 U.S.C. § 1446(d).

9.      A copy of this Notice of Removal is being filed with the Clerk of the Court of the Circuit Court Cook County, County Department, Chancery Division, Cook County, Illinois.  28 U.S.C. § 1446(d).  A copy of the Notice of the Filing of Notice of Removal is attached hereto as **Exhibit B**.

10.      Culligan reserves the right to amend or supplement this Notice of Removal.

4826-0702-2725.2

WHEREFORE, Culligan hereby gives notice that the above-described action against it in the Circuit Court of Cook County, Illinois County Department, Chancery Division, Cook County, Illinois, is removed to this Court.

Respectfully submitted,


/s/ Matthew J. Caccamo
John S. Letchinger (#6207361)
Matthew J. Caccamo (#6282605)
BAKER HOSTETLER LLP
191 North Wacker Drive
Suite 3100
Chicago, IL 60606
(312) 416-6200
(312) 416-6201

4826-0702-2725.2

# EXHIBIT A



## SHERIFF'S OFFICE OF COOK COUNTY
## AFFIDAVIT OF SERVICE

**CASE NUMBER:** 2018CH15540    **SHERIFF NUMBER:** 02967919    **MULT. SER.:** 1    **DOC. TYPE:** CHAN

**DIE DATE:** 01/11/2019    **RECEIVED DATE:** 12/19/2018    **FILED DATE:** 12/18/2018    **DIST:** 604

| | |
|---|---|
| **DEFENDANT:** CULLIGAN INTERNATIONAL CO | **PLAINTIFF:** KAPP, AARON |
| **ADDRESS:** 208 S LASALLE | **ATTORNEY:** BOCK HATCH LLC |
| **CITY:** CHICAGO | **ADDRESS:** 208 N LASALLE#1000 |
| **STATE:** IL    **ZIP CODE:** 60604 | **CITY:** CHICAGO |
| **ATTACHED FEE AMT:** | **STATE:** IL    **ZIP CODE:** 60602 |
| **SERVICE INFORMATION:** C T CORP SYS | |

### I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:

☐ **(1) PERSONAL SERVICE:** BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

☐ **(2) SUBSTITUTE SERVICE:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS. ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON THE  DAY OF _ 20.

☐ **(3) UNKNOWN OCCUPANTS:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

☑ **(4) CORP/CO/BUS/PART:** BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION ____COMPANY____BUSINESS _____ PARTNERSHIP ___

☐ **(5) PROPERTY RECOVERED:** NO ONE PRESENT TO RECEIVE ORDER OF COURT. ORDER POSTED IN PLAIN VIEW.

☐ **(6) S.O.S/D.O.I.:** BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE. ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

☐ **(7) CERTIFIED MAIL**

     **\*\*\*\* COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT \*\*\*\***

**(8)** AND BY MAILING ON THE ___ DAY OF _____ 20 _____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATON SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

### THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:

| | | |
|---|---|---|
| ☐ (01) NO CONTACT | ☐ (05) WRONG ADDRESS | ☐ (09) DECEASED |
| ☐ (02) MOVED | ☐ (06) NO SUCH ADDRESS | ☐ (10) NO REGISTED AGENT |
| ☐ (03) EMPTY LOT | ☐ (07) EMPLOYER REFUSAL | ☐ (11) OUT OF COOK COUNTY |
| ☐ (04) NOT LISTED | ☐ (08) CANCELLED BY PLAINTIFF ATTY | ☐ (12) OTHER REASON (EXPLAIN) |

**EXPLANATION:**

| | |
|---|---|
| **WRIT SERVED ON:** K STARKS | **ATTEMPTED SERVICES** |
| **SEX:** F   **RACE:** BL   **AGE:** 40 | Date    Time    Star # |
| **THIS** 03 **DAY OF** Januar 20 19 y | |
| **TIME:** 10:00 AM | |

THOMAS J. DART,

SHERIFF, BY: /S/    THOMAS, JOSHUA D/S #11069      , DEPUTY



**SHERIFF'S OFFICE OF COOK COUNTY**
**AFFIDAVIT OF SERVICE**

CASE NUMBER: 2018CH15540   SHERIFF NUMBER: 02967919   MULT. SER.: 1   DOC. TYPE: CHAN

DIE DATE: 01/11/2019   RECEIVED DATE: 12/19/2018   FILED DATE: 12/18/2018   DIST: 604

| Date | Time | Star # |
|------|------|--------|

FILED
12/18/2018 12:08 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018CH15540

FILED DATE: 12/18/2018 12:08 PM   2018CH15540

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | |

Hearing Date: 1/10/2019 10:00 AM - 10:00 A

(08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

AARON KAPP

(Name all parties)

v.

CULLIGAN INTERNATIONAL CO.

Case No. 2018 CH 15540

## ☑ SUMMONS   ☐ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**

**cookcountyclerkofcourt.org**

Page 1 of 3

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

12/18/2018 12:08 PM DOROTHY BROWN

Atty. No.: 44533

Witness: _____

Atty Name: Bock, Hatch, Lewis & Oppenheim

Atty. for: Plaintiff

Address: 134 N. La Salle St., Ste 1000

DOROTHY BROWN, Clerk of Court

City: Chicago

State: IL    Zip: 60602

Telephone: (312) 658-5500

Primary Email: service@classlawyers.com

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

FILED DATE: 12/18/2018 12:08 PM  2018CH15540

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 2 of 3

FILED
12/14/2018 4:08 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018CH15540

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| AARON KAPP, individually and as the representative of a class of similarly situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 2018CH15540 |
| v. | ) ) | **CLASS ACTION** |
| CULLIGAN INTERNATIONAL COMPANY, | ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) | |

### CLASS ACTION COMPLAINT

Plaintiff, Aaron Kapp ("Plaintiff" or "Kapp") brings this class action complaint individually and as the representative of a class of similarly-situated persons, against defendant, Culligan International Company (sometimes referred to as "Defendant" or "Culligan"), for relief from its practice of initiating, or causing the initiation of, telephone calls to residential landline telephones using an artificial or prerecorded voice to deliver an advertisement or telemarketing message without the called party's prior express written consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. Kapp seeks statutory damages and other relief for himself and all other class members. Kapp's allegations are based on information and belief and the investigation of counsel, except those pertaining to his own actions, which are based on personal knowledge.

FILED DATE: 12/14/2018 4:08 PM 2018CH15540

## INTRODUCTION

1.       Kapp seeks class-wide relief against Culligan for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the regulations the Federal Communications Commission ("FCC") has prescribed thereunder, 47 C.F.R. § 64.1200 (collectively, the "TCPA").

2.       This case challenges Culligan's practice of initiating, or causing to be initiated, telephone calls to residential lines using an artificial or prerecorded[1] voice to deliver a message that introduces an advertisement or constitutes telemarketing, without the called party's prior express written consent as required by the TCPA.

3.       To obtain prior express written consent, telemarketers must tell consumers the telemarketing will be done with a prerecorded voice and that consent is not a condition of purchase. 47 C.F.R. § 64.1200(a), (f)(8)(i).

4.       Culligan initiated, or caused to be initiated, telephone calls to residential lines using a prerecorded voice for the "dual purpose" of providing information and advertising the availability or quality of goods and services without the prior express written consent of the called party. 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(a).

5.       The TCPA grants consumers a private right of action, with a provision for $500 or the actual monetary loss in damages for each violation, whichever is greater, and treble damages for each willful or knowing violation. 47 U.S.C §

---

[1]       "Prerecorded" messages or calls refer to "artificial or prerecorded voice" messages or calls.

2

FILED DATE: 12/14/2018 4:08 PM   2018CH15540

227(b)(3). On behalf of himself and all others similarly-situated, Kapp seeks statutory damages for each violation of the TCPA by Culligan.

6.     On behalf of the Class, Kapp also seeks an injunction requiring Culligan to cease all unlawful phone calls, together with costs and attorneys' fees.

## PARTIES

7.     Plaintiff Aaron Kapp is a natural person, a citizen of the State of Wisconsin, and resides in Wauwatosa, Milwaukee County, Wisconsin.

8.     Kapp has a residential landline telephone number with a (414) area code. Kapp personally experienced the misconduct alleged herein when he received a call initiated, or caused to be initiated, by Culligan or its agents to his residential landline telephone number without his prior express written consent purportedly seeking to schedule "required maintenance" on his drinking water system.

9.     Defendant Culligan International Company is a Delaware corporation, headquartered at 9399 West Higgins Road, #1100, Rosemont, Illinois and its registered agent is C T Corporation System, 208 South La Salle Street, Suite 814, Chicago, Illinois 60604.

10.     Culligan is a water filtration and water softening company that provides in-home services. Culligan profits from the service and sale of water filtration parts to consumers with Culligan drinking water systems already installed. For example, Culligan recommends replacing the carbon filters for the drinking water system once a year. WHEN TO REPLACE WATER FILTERS ON DRINKING

3

FILED DATE: 12/14/2018 4:08 PM 2018CH15540

WATER FILTRATION SYSTEMS, https://www.culligan.com/home/solution-center/resources/when-to-replace-filters-on-culligan-drinking-water (last visited Oct. 29, 2018). For each water filter replacement, Culligan charges approximately $175.00.

11. Culligan initiated, or caused to be initiated, calls to residential landline telephone numbers that delivered prerecorded voice messages stating in part, "I am calling from Culligan to let you know that this is the final reminder to schedule the required maintenance on your drinking water system...." The calls were made without the prior express written consent of the called party.

12. Culligan delivered messages that contained a customer service and informational component as well as a marketing component that constitute "unsolicited advertisements" prohibited by the TCPA.[2]

## JURISDICTION AND VENUE

13. Jurisdiction is proper in Cook County, Illinois pursuant to 735 ILCS 5/2-209(12) in that Culligan has its principal place of business in Rosemont, Illinois.

14. Venue is proper in Cook County, Illinois, pursuant to 735 ILCS 5/2-101 because Culligan is headquartered in Cook County, Illinois and Cook County is Culligan's county of residence.

## BACKGROUND AND ENFORCEMENT OF THE TCPA

15. This case challenges Culligan's practice of initiating, or causing to be initiated, calls to residential landline telephones that include or introduce an

---

[2] *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14097-98, ¶¶ 140-142 (2003) ("*2003 Order*").

4

FILED DATE: 12/14/2018 4:08 PM 2018CH15540

advertisement or constitute telemarketing without the prior express written consent of the called party.[3] The written consent to receive such calls must be signed and sufficient to show that the consumer received "clear and conspicuous disclosure" of the consequences of providing the requested consent.[4] To get such consent, telemarketers <u>must</u> also tell consumers the telemarketing will be done with a prerecorded or artificial voice and that consent is not a condition of purchase.[5] Kapp did <u>not</u> give Culligan any prior express written consent to initiate, or cause to be initiated, prerecorded voice messages or calls to his residential landline.

16.    "Voluminous consumer complaints about abuses of telephone technology—[] computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 565 U. S. 368, 371, 132 S. Ct. 740, 744 (2012). "[In] a statement made on the Senate floor by Senator Hollings, the TCPA's sponsor: 'Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick

---

[3]    *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 27 FCC Rcd 1830, 1831, ¶¶1-2, 1839, ¶24 (2012) (*2012 TCPA Order*) ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls...."); 47 C.F.R. § 64.1200(a). *See also In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Declaratory Ruling and Order, 30 F.C.C. Rcd. 7961, 7967, ¶¶4 & 9 (2015) (*2015 TCPA Order*).

[4]    *2012 TCPA Order, supra*, at 1844, ¶ 33.

[5]    47 C.F.R. § 64.1200(a)(2), (f)(8)(i).

5

FILED DATE: 12/14/2018 4:08 PM 2018CH15540

and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.'" *Id.* at 752.

17.    Congress noted that "[e]vidence ... indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." TCPA, PL 102–243, December 20, 1991, 105 Stat 2394, note following 47 U.S.C. § 227 (Congressional statement of findings). Congress's intent "was to protect consumers from the nuisance, invasion of privacy, cost, and inconvenience that autodialed and prerecorded calls generate."[6]

18.    The TCPA provides that "[i]t shall be unlawful for any person within the United States, or any person outside the United States if the recipient is located within the United States —

> (B) to initiate any telephone call to any residential telephone line using a prerecorded or artificial voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order by the [Federal Communications Commission (FCC)] under paragraph (2)(B).

47 U.S.C. § 227(b)(1)(B).

19.    The TCPA defines "advertisement," or "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

---

[6]    *2015 TCPA Order, supra,* at 7979-80, ¶ 29.

FILED DATE: 12/14/2018 4:08 PM   2018CH15540

20.    The TCPA defines "telemarketing call," or "telephone solicitation," as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of ... goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

21.    The TCPA delegates authority to the FCC to ban artificial or prerecorded voice calls, § 227(b)(2)(A), and to exempt particular types of calls from the law's requirements, § 227(b)(2)(B), (C).

22.    The provision referenced in section 227(b)(2)(B) states that the FCC "shall prescribe regulations to implement the requirements of this subsection" and that the agency:

> (B) may, by rule or by order, exempt from the requirements of paragraph (1)(B) of this subsection, subject to such conditions as the Commission may prescribe—
>
> (i) calls that are not made for a commercial purpose; and
>
> (ii) such classes or categories of calls made for commercial purposes as the Commission determines
>
> (I) will not adversely affect the privacy rights that this section is intended to protect; and
>
> (II) do not include the transmission of any unsolicited advertisement.

*Id.* § 227(b)(2)(B).

23.    The FCC regulations provide in pertinent part:

> (a) No person or entity may:
>
> (2)    Initiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial prerecorded voice, to any of the lines or telephone

7

FILED DATE: 12/14/2018 4:08 PM 2018CH15540

section, other than a call made with the ***prior express written*** consent of the called party.[7]

47 C.F.R. § 64.1200(a)(2) (emphasis in bold and italics).

24.    The FCC explains:

"[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received 'clear and conspicuous disclosure' of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained 'without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.' Finally, should any question about the consent arise, the seller will bear the burden of demonstrating that a clear and conspicuous disclosure was provided and that unambiguous consent was obtained."[8]

---

[7]    "The term advertisement means any material advertising the commercial availability or quality of any property, goods, or services." 47 C.F.R. § 64.1200(f)(1).

"The term telemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

"The term prior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

"The written agreement shall include a clear and conspicuous disclosure informing the person signing that: (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and (B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services." 47 C.F.R. § 64.1200(f)(8)(i).

[8]    *2012 Order, supra*, at 1843-44, ¶.

8

FILED DATE: 12/14/2018 4:08 PM   2018CH15540

25.   Culligan was required to comply with the "prior express written consent" rule now in effect by October 16, 2013, even for calls for which Culligan had obtained consent (if any) under the FCC's prior rule.[9]

26.   Culligan's prerecorded messages to landline telephone numbers contained a customer service element by including the reminder to schedule "required maintenance" on a consumer's drinking water system, but were motivated in part by the desire to ultimately offer additional goods or services for sale once the consumer called back to schedule an appointment.

27.   The FCC explains:

> The so-called "dual purpose" calls described in the record—calls from mortgage brokers to their clients notifying them of lower interest rates, calls from phone companies to customers regarding new calling plans, or calls from credit card companies offering overdraft protection to existing customers—would, in most instances, constitute "unsolicited advertisements," regardless of the customer service element to the call. The Commission explained in the 2002 Notice that such messages may inquire about a customer's satisfaction with a product already purchased, but are motivated in part by the desire to ultimately sell additional goods or services. If the call is intended to offer property, goods, or services for sale either during the call, or in the future (such as in response to a message that provides a toll-free number), that call is an advertisement.[10]

28.   Culligan initiated, or caused to be initiated, calls to residential landline telephone numbers using a prerecorded voice to deliver an advertising or telemarketing message without the requisite prior express written consent of the called party.

---

[9]   *2015 Order*, *supra*, at 8015, ¶100 ("It follows that the rule applies per call and that telemarketers should not rely on a consumer's written consent obtained before the current rule took effect if that consent does satisfy the current rule.").
[10]   *2003 Order*, *supra*, at 14097-98, ¶ 142.

9

FILED DATE: 12/14/2018 4:08 PM 2018CH15540

29.     Culligan also initiated, or caused to be initiated, prerecorded telephone advertising or telemarketing messages to residential landline phones that did not include an opt-out mechanism or provide a toll-free telephone number that permitted Kapp to make a do-not-call request. 47 C.F.R. § 64.1200(b).

## FACTS

### A.    Culligan's Prerecorded Voice Phone Calls to Residential Landlines

30.     Kapp is a Wisconsin homeowner who bought a home with a Culligan water filtration system already installed.

31.     Soon after purchasing the home, Kapp scheduled a maintenance inspection of his Culligan water filtration system.

32.     As part of the maintenance inspection, Culligan recorded Kapp's landline phone number into its records. Culligan did not have Kapp sign any written agreement to consent to calls to his residential landline using a prerecorded voice message.

33.     Any agreement or document signed by Kapp with Culligan listing his landline telephone number did **not** contain a "clear and conspicuous" disclosure that: (a) by signing the agreement and providing his landline telephone number, Kapp consented to receive future calls that delivered prerecorded messages by or on behalf of Culligan, (b) Kapp agreed unambiguously to receive such calls at his landline telephone number, and (c) that executing the agreement was not a condition of purchasing Culligan's goods or services.

10

FILED DATE: 12/14/2018 4:08 PM  2018CH15540

34.     Kapp received Culligan's home filtration water service for a few years after purchasing the home, then discontinued the service and had the equipment disposed of.

35.     After Kapp discontinued Culligan's water service, Culligan initiated calls to Kapp's landline telephone number using a prerecorded voice to deliver a message as a "final reminder" to Kapp to schedule "required maintenance" on his drinking water system.

36.     Culligan's prerecorded voice message left on Plaintiff's landline voice mail on or about July 8, 2018, stated:

> I am calling from Culligan to let you know this is the final reminder to schedule the required maintenance on your drinking water system. Maintenance is critical in extending the life of your system plus provides the high-quality drinking water you have grown to know and trust from Culligan. Please call us as soon as possible to schedule the required maintenance with one of our certified technicians. You can reach our local office at 262-547-1862. Again, the number is 262-547-1862. Press star if you would like to listen to this message again. Thank you for trusting Culligan with your water needs.

37.     Culligan's message used a robotic sounding voice, there **was** the lack of a human voice on the line, and the content of the message was generic to indicate that the call was prerecorded.

38.     The call was initiated to deliver a prerecorded voice message asking the called party to schedule "required maintenance" whereby Culligan intended to offer property, goods, or services for sale in the future.

11

39.   The prerecorded calls were from Culligan's corporate headquarters and originated with a phone number for the Culligan Company: 952-908-2228. However, the message left the number for the local Culligan dealer: 262-547-1862.

40.   The message did not include any contact number or option to be removed from the call list.

41.   Kapp received similar if not identical telephone calls at the same landline telephone number in prior years after discontinuing Culligan's filtration water system at his home.  On at least one occasion, Kapp called the number in the message and he explained that he no longer had a Culligan water system and asked to be removed from the call list.

42.   After Kapp complained to the number provided in the message and asked to be removed from the call list, Culligan continued to initiate, or cause to be initiated, calls to Kapp's landline – including the above-described July 2018 message – using a prerecorded voice to deliver messages with a "final reminder" to schedule "required maintenance" on his drinking water system.

43.   Culligan's unconsented-to prerecorded phone calls damaged Kapp. Kapp lost the use of his landline telephone while receiving the calls and listening to the messages, and telephone minutes and voicemail storage while receiving and storing the messages. The calls interrupted Kapp's privacy. Each call wasted valuable time that would have been spent on something else.

44.   The lack of a live person on the line was frustrating for Kapp, as well as the lack of an option to be removed from the call list even by calling the number

12

FILED DATE: 12/14/2018 4:08 PM   2018CH15540

provided in the message and speaking with a Culligan representative directly, whereby Kapp was placed in a position to receive additional solicitation and advertisement of Culligan's goods and services from Culligan directly.

## TCPA CLASS ALLEGATIONS

45.     Kapp brings this action against Culligan for violations of the TCPA on behalf of a class pursuant to 735 ILCS 5/2-801.

46.     Kapp brings this action against Culligan on behalf of a class of all persons that Culligan called using a prerecorded voice to deliver an advertising or telemarketing message to their residential landline telephone without their prior express written consent, seeking actual and statutory damages under the TCPA.

47.     Kapp brings this action against Culligan on behalf himself, seeking statutory damages for each violation of the TCPA, trebling of the statutory damages if the Court determines Culligan's violations were knowing or willful, injunctive relief, and all other relief the Court deems appropriate under the circumstances.

48.     The TCPA class is defined as:

> All persons in the United States (1) who received a prerecorded telephone call or voice message, (2) to a landline telephone number, (3) placed at the Defendant's direction, (4) to schedule maintenance on a Culligan water system, (5) on or after four years before the filing of the complaint, and (6) without prior express written consent.

Kapp anticipates the possibility of modifying the proposed class definition, including proposing subclasses where appropriate, after discovery about the scope and breadth of Culligan's practice of illegally initiating, or causing to be initiated, telephone calls to residential lines using an artificial or prerecorded voice to deliver

13

FILED DATE: 12/14/2018 4:08 PM  2018CH15540

a message that introduced and advertisement or constituted telemarketing without the prior express written consent and will do so through either an amended complaint, a motion for class certification, or both pursuant to 735 ILCS 5/2-802(b).

49.     Excluded from the class are Culligan, any entity in which Culligan has a controlling interest, each of their officers or legal representatives, and any Judge assigned to this action, including his or her immediate family.

50.     This action is brought and may properly be maintained as a class action pursuant to 735 ILCS 5/2-801. Each element of Section 5/2-801 is satisfied here: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the representative party will fairly and adequately protect the interests of the class, and (4) the class action is an appropriate method for the fair and efficient adjudication of the controversy.

### Numerosity/impracticality of joinder.

51.     On information and belief, the class consists of more than 39 persons and, thus, is so numerous that individual joinder of each member is impracticable. The precise number of class members and their identities are unknown to Kapp, but will be obtained from Culligan's records or the records of third parties.

### Commonality.

52.     There is a well-defined community of interest and there are common questions of law and fact that predominate over any questions affecting only individual members of the class. These common legal and factual questions, which do not vary from one class member to another, and which may be determined

14

FILED DATE: 12/14/2018 4:08 PM   2018CH15540

without reference to the individual circumstances of any class member, include, but are not limited to the following:

a. Whether Culligan has a policy or practice of initiating or causing the initiation of calls to residential landline telephone numbers using a prerecorded or artificial voice to deliver messages advertising the commercial availability or quality of Culligan's property, goods, or services or for the purpose of encouraging the purchase or rent of, or investment in, Culligan's property, goods or services;

b. Whether Culligan obtained the prior express written consent of the called party to initiate, or cause to be initiated, calls to residential landline telephone numbers using a prerecorded or artificial voice to deliver messages advertising the commercial availability or quality of Culligan's property, goods, or services or for the purpose of encouraging the purchase or rent of, or investment in, Culligan's property, goods or services;

c. Whether Culligan violated the TCPA;

d. Whether Kapp and the other members of the Class are entitled to statutory damages under the TCPA;

e. Whether Culligan's actions were knowing or willful and, if so, whether the Court should treble the statutory damages awarded to Kapp and the other members of the Class; and

f. Whether Kapp and members of the Class are entitled to equitable relief, including but not limited to injunctive relief.

### Adequacy of representation.

53.     Kapp is an adequate representative of the class because his interests do not conflict with the interests of the class he seeks to represent. Kapp, a victim of Culligan's telemarketing using a prerecorded voice to his residential landline

15

FILED DATE: 12/14/2018 4:08 PM   2018CH15540

without any emergency purpose and without his prior express written consent, is committed to the vigorous prosecution of this action, Kapp has retained counsel competent and experienced in complex TCPA class action litigation, and Kapp intends to vigorously prosecute this action. Kapp and his counsel will fairly and adequately protect the interest of members of the class.

### A class action is the appropriate method for the fair and efficient adjudication of the controversy.

54.   A class action is the appropriate method for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all class members is economically unfeasible and procedurally impracticable. The likelihood of individual class members prosecuting separate claims is remote, and even if every class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Kapp knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Relief concerning Kapp's rights under the laws herein alleged and with respect to the class would be proper. Kapp envisions no difficulty in the management of this action as a class action.

### COUNT I - VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*

55.   Kapp incorporates the preceding paragraphs as though fully set forth herein, and brings Count I individually, and on behalf of others similarly situated.

56.   This action for damages and other legal and equitable remedies resulting from the illegal actions of Culligan in initiating, or causing the initiation

16

FILED DATE: 12/14/2018 4:08 PM 2018CH15540

of, unsolicited prerecorded voice calls to deliver an advertising or telemarketing message to Kapp's landline telephone in direct contravention of the TCPA.

57. The TCPA prohibits initiating, or causing the initiation of, calls that use a prerecorded or artificial voice to a residential telephone line to deliver an advertising or telemarketing message without the prior express consent of the called party or an emergency purpose. 47 U.S.C. § 227(b)(1)(B); 47 C.F.R. § 64.1200(a)(3).

58. Culligan initiated, or caused to be initiated, calls using a prerecorded voice to deliver an advertising or telemarketing message to consumers' residential landlines without the prior express written consent of the called party and for no emergency purpose in violation of 47 U.S.C. § 227(b)(1)(B).

59. Culligan's calls to residential landlines using a prerecorded voice to deliver a message to Kapp and the other class members included or introduced an advertisement or constituted telemarketing. 47 C.F.R. § 64.1200(a)(2).

60. The nominal purpose of the prerecorded calls was to schedule "required maintenance" on the Culligan water system, but the primary purpose was to advertise and telemarket the commercial availability or quality of Culligan property, goods, or services, and to schedule a visit to the home by a Culligan representative to encourage the purchase of Culligan property, goods, or services.

61. The prerecorded calls to landline phones were designed to schedule an appointment with a Culligan representative intended to offer Culligan's goods or services for sale upon inspection of the water service and water treatment system.

17

FILED DATE: 12/14/2018 4:08 PM   2018CH15540

62.     Culligan did not obtain Kapp's prior express written consent to send or make prerecorded calls to his landline telephone seeking to schedule "required maintenance."

63.     Kapp did not enter into a signed agreement with Culligan that (a) identified Kapp's landline number and (b) disclosed that agreeing to the recorded messages was not a precondition to purchasing Culligan's goods and services.

64.     Kapp called the number on the message and clearly expressed a desire to receive no further calls and be removed from the call list, but he continued to receive the same prerecorded calls.

65.     Culligan made the calls without an emergency purpose.

66.     The calls did not include a mechanism for Kapp to opt of receiving additional calls or a toll-free phone number for Kapp to call to be removed from the list.

67.     Culligan's violations of the TCPA were knowing and willful. Culligan attempted to disguise the true nature of the calls by delivering a message with a time-sensitive warning as a "fina\l reminder" to schedule "required maintenance" and to call back "as soon as possible." The calls were intended to advertise the commercial availability of Culligan property, goods, or services and to provide the called party with a false sense of urgency to schedule a visit whereby a local Culligan dealer could encourage the purchase of additional Culligan property, goods, or services.

18

FILED DATE: 12/14/2018 4:08 PM   2018CH15540

68.     Culligan knowingly and willfully initiated the prerecorded calls without taking any steps to obtain prior express written consent from consumers, written or otherwise.

69.     Culligan knowingly and willfully initiated the calls without providing any function to opt out of the calls.

70.     Kapp and the class seek to recover statutory damages as well as treble damages from Culligan for its repeated violations of the TCPA.

71.     The TCPA provides a private right of action as follows:

> 3. Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
>> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>>
>> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>>
>> (C) Both such actions.
>
> 47 U.S.C. § 227(b)(3).

72.     The TCPA is a strict liability statute and Culligan is liable to Kapp even if Culligan's actions were negligent. 47 U.S.C. § 227(b)(3).

73.     Even if Culligan did not intend to injure Kapp, did not intend to violate his privacy, and did not intend to waste his valuable time with Culligan's phone calls, those facts are irrelevant because the TCPA is a strict liability statute.

19

FILED DATE: 12/14/2018 4:08 PM   2018CH15540

74.    Culligan's practice caused Kapp and consumers actual harm, not only because they were subjected to the aggravation that necessarily accompanies telemarketing to residential landline telephone numbers, but also because they have to pay their phone service providers for the receipt of such message or calls, and such messages or calls use voicemail or answering machine storage capacity and are an intrusion upon privacy and seclusion.[11]

75.    Pursuant to 47 U.S.C. § 227(b)(3)(B), Culligan is liable to Kapp for at least $500 per call.

76.    If Culligan's actions were knowing or willful, then the Court has the discretion to increase the statutory damages up to three times the amount. 47 U.S.C. § 227(b)(3).

77.    Moreover, pursuant to 47 U.S.C. § 227(b)(3)C), if the Court determines that Culligan's conduct was willful or knowing, then Kapp respectfully requests that the Court treble the damages under 47 U.S.C. § 227(b)(3)(C) to $1,500 per call.

78.    For these reasons, Kapp and the other class members seek an award of statutory damages ($500), trebling (to $1,500), for each of the subject calls, as provided by to 47 U.S.C. § 227(b)(3)(C).

79.    The Court should enjoin Culligan from making future prerecorded message and calls without the prior express written consent of the called party.

---

[11]    *2003 Order, supra,* at 14096-97, ¶¶ 137-38.

20

FILED DATE: 12/14/2018 4:08 PM    2018CH15540

WHEREFORE, Kapp, individually and on behalf of all other similarly situated, demands judgment in his favor and against Culligan as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Kapp as the representative of the class, and appoint Kapp's counsel as counsel for the class;

B.    That the Court award Kapp, and all others similarly situated, statutory damages;

C.    That the Court award damages of at least $500 per phone call at issue for the underlying TCPA violations pursuant to 47 U.S.C. § 227(b)(3)(B);

D.    That the Court increase the statutory damages to $1,500 per call at issue pursuant to 47 U.S.C. § 227(b)(3)(C);

E.    That the Court award any other relief this Honorable Court deems equitable and just, including injunctive relief; and

F.    That the Court award costs and such further relief as the Court may deem just and proper.

FILED DATE: 12/14/2018 4:08 PM   2018CH15540

Dated: December 14, 2018                Respectfully submitted,


                                        AARON KAPP, individually and
                                        as the representative of a class of
                                        similarly-situated persons,


                                        /s/ Phillip A. Bock

Ilan Chorowsky                          Phillip A. Bock
Mark Bulgarelli                         Tod A. Lewis
Adam Urbanczyk, *Of Counsel*            David M. Oppenheim
Progressive Law Group, LLC              Mara A. Baltabols
1570 Oak Ave. Suite 103                 Bock, Hatch, Lewis & Oppenheim, LLC
Evanston, IL 60201                      Atty #: 44533
Tel: (312) 787-2717                     134 N. La Salle Street, Suite 1000
courts@progressivelaw.com               Chicago, IL 60602
                                        Tel: (312) 658-5500
                                        service@classlawyers.com

22

Order                                        (Rev. 02/24/05) CCG N002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Kapp
                    v.

Culligan Int'l Co.

No. 18 CH 15540

**ORDER**

This matter coming to be heard on Plaintiff's Motion for Class Certification, both parties present and the Court being fully advised in the premises, HEREBY ORDERED: (1) Plaintiff's Motion for Class Certification is entered and continued generally; (2) Defendant shall answer or otherwise plead to the complaint by 3/29/19; (3) This matter is set for status on 4/15/19 at 9:30 a.m.; and (4) Discovery is not open until further order of the Court.

Attorney No.: 44533
Name: Bock & Hatch
Atty. for: π
Address: 134 N LaSalle #1000
City/State/Zip: Chicago IL 60602
Telephone: 312-658-5500

ENTERED:

Dated: _____

ENTERED
Judge Neil H. Cohen-2021
JAN 10 2019
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Judge                              Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# EXHIBIT B

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

AARON KAPP,                                   )
                                              )
                    Plaintiff,                )
                                              )
        -vs-                                   )        Case No.  2018 CH-15540
                                              )
CULLIGAN INTERNATIONAL                        )
COMPANY,                                       )
                    Defendant.                )

## <u>NOTICE OF NOTICE OF REMOVAL</u>

TO:  Ilan Chorowsky                    Phillip A. Bock
Mark Bulgarelli                        Tod A. Lewis
Adam Urbanczyk                         David M. Oppenheim
Progressive Law Group, LLC             Mara A. Baltabols
1570 Oak Ave., Suite 103               Bock, Hatch, Lewis & Oppenheim, LLC
Evanston, IL  60201                    134 N. LaSalle St., Suite 1000
                                       Chicago, IL  60602

PLEASE TAKE NOTICE that Defendant Culligan International Company, in the above-captioned cause, did, on the 17th day of January 2019, file in the United States District Court for the Northern District of Illinois, Eastern Division, a Notice of Removal in the case of *Aaron Rupp v. Culligan International Company*, a cause currently pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division.  A copy of said Notice of Removal is attached hereto as <u>Exhibit 1</u>.

Date: January 17, 2019                 Respectfully submitted

                                       /s/ Matthew J. Caccamo
                                       John S. Letchinger
                                       Matthew J. Caccamo
                                       Kiley C. Keefe
                                       Baker & Hostetler LLP
                                       191 N. Wacker Dr., Suite 3100
                                       Chicago, IL  60606
                                       312-416-6200
                                       Attorney No. 46365
                                       *One of the Attorneys for Culligan International Company*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing **Notice of Notice of Removal** was sent by United States mail, proper postage pre-paid, this 17th day of January 2019, to the following counsel of record:

Ilan Chorowsky
Mark Bulgarelli
Adam Urbanczyk
Progressive Law Group, LLC
1570 Oak Ave., Suite 103
Evanston, IL  60201

Phillip A. Bock
Tod A. Lewis
David M. Oppenheim
Mara A. Baltabols
Bock, Hatch, Lewis & Oppenheim, LLC
134 N. LaSalle St., Suite 1000
Chicago, IL  60602

/s/ Matthew J. Caccamo

2