UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AARON KAPP,

                Plaintiff,

      v.                                                  Case No. 20-CV-286

EASTERN WISCONSIN WATER CONDITIONING CO., et al.,

                Defendants.

## ORDER GRANTING MOTION TO STAY

Plaintiff Aaron Kapp alleges that Defendants Eastern Wisconsin Water Conditioning Co. and Unco Data Systems, Inc. violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, when, having not received his express written consent, they called him using a prerecorded or artificial voice to deliver an advertising or telemarketing message. (ECF No. 104.)

The defendants seek to stay this action in light of *Barr v. American Association of Political Consultants*, which is currently pending before the Supreme Court. The question presented in *Barr* is: "Whether the government-debt exception to the TCPA's automated-call restriction violates the First Amendment, and whether the proper remedy for any constitutional violation is to sever the exception from the remainder of

the statute." *See* United States Supreme Court, Case No. 19-631, available at https://www.supremecourt.gov/qp/19-00631qp.pdf (last visited May 7, 2020). The case is procedurally complicated, as are the possible outcomes, but one possible outcome is that the Court will conclude that the TCPA's entire ban on automated calls is unconstitutional, thus ending Kapp's action. The Supreme Court completed oral argument yesterday. *See* United States Supreme Court, Case No. 19-631, available at https://www.supremecourt.gov/oral_arguments/audio/2019/19-631 (last visited May 7, 2020).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). "District courts in the Seventh Circuit have considered a variety of factors in evaluating whether or not to grant a stay of proceedings." *Tonn & Blank Constr., LLC v. Sebelius*, 968 F. Supp. 2d 990, 993 (N.D. Ind. 2013). In general, courts consider the stage of the litigation; prejudice to the non-moving party; whether a stay will simplify the issues in the case; and whether a stay will reduce a burden on the court or the parties. *Id.* (citing cases).

The court agrees with Kapp that the impact of *Barr* is speculative. (ECF No. 107 at 4 (citing *Hartigan v. Charter Communs., Inc.*, No. 3:19-cv-01962-H-MDD, 2020 U.S. Dist.

LEXIS 40066, at *2 (S.D. Cal. Mar. 5, 2020)). But such is often the case when courts consider staying matters. At this point, given when a decision from the Supreme Court can be expected, a stay is unlikely to be lengthy. Faced with an anticipated relatively short delay, especially considering the stage at which this case is at, the court finds it appropriate to grant the defendants' motion. The plaintiff has not demonstrated that he would be prejudiced by any stay, and the defendants have demonstrated that there is a possibility (the court will not speculate as to probabilities) of the decision in *Barr* simplifying the issues in this case and reducing the burdens on the parties and the court.

**IT IS THEREFORE ORDERED** that the defendants' motion to stay (ECF No. 106) is **granted** and all proceedings in this matter are stayed until the Supreme Court issues its decision in *Barr v. American Association of Political Consultants,* Case No. 19-631. Following the Court's decision in *Barr* (and depending on the circumstances in light of the current pandemic) the court will hold a telephonic conference to discuss further scheduling.

Dated at Milwaukee, Wisconsin this 8th day of May, 2020.

                                                                       _William E. Duffin_
                                                                       WILLIAM E. DUFFIN
                                                                       U.S. Magistrate Judge