# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**AARON KAPP,**
*individually and on behalf of all others similarly situated,*

**Plaintiff,**

v.  Case No. 20-CV-286

**EASTERN WISCONSIN WATER CONDITIONING CO** and
**UNCO DATA SYSTEMS INC,**

**Defendants.**

## DECISION AND ORDER

Plaintiff Aaron Kapp has filed a class action complaint alleging that Defendant Unco Data Systems, Inc., an agent of Defendant Eastern Wisconsin Water Conditioning Co., made prerecorded telemarketing calls to him (and other class members) without his prior written consent, in violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. Defendants have moved to partially dismiss Kapp's Third Amended Complaint or, in the alternative, to strike certain allegations contained therein. All parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). (*See* ECF Nos. 98, 99.) The motion is fully briefed and ready for resolution.

## BACKGROUND

After this matter was transferred to this court from the Northern District of Illinois, Kapp filed a Third Amended Class Action Complaint (ECF No. 115) that contains the following allegations. Eastern Wisconsin Water Conditioning Co. is a Minnesota Corporation that does business in Wisconsin under the name "Culligan Water Conditioning of Waukesha, Wisconsin" and that operates a local dealer in Waukesha. (*See* ECF No. 115, ¶¶ 9–10.) Unco Data Systems, Inc., is a professional software and technology company that provides services, such as telephone advertising, to the water industry, including Eastern Wisconsin Water. (*Id.*, ¶ 12.) As part of its services, Unco transmits phone calls and leaves prerecorded messages on behalf of Eastern Wisconsin Water that provide a call-back number for Eastern Wisconsin Water's local dealer. (*Id.*, ¶ 13.)

Aaron Kapp, a Wisconsin citizen residing in Wauwatosa, purchased a home that had a Culligan water filtration system already installed. (*See* ECF No. 115, ¶¶ 8, 31.) Soon after purchasing the home, Kapp scheduled a maintenance inspection of his Culligan water filtration system with Eastern Wisconsin Water's Waukesha dealer. (*Id.*, ¶ 32.) As part of the maintenance inspection Kapp provided the Waukesha dealer with his home telephone number. (*Id.*, ¶ 33.) However, Kapp did not sign any written agreement consenting to receive calls using a prerecorded voice from the Waukesha dealer or its affiliates. (*Id.*) A few years after purchasing the home, Kapp discontinued the home water filtration service. (*Id.*, ¶ 35.)

2

Despite discontinuing his filtration service, Kapp continued to receive prerecorded calls from Unco to his home landline that left the phone number for Eastern Wisconsin Water's Waukesha dealer. (*See* ECF No. 115, ¶¶ 3, 37-43.) For example, on July 8, 2018, Kapp received the following prerecorded voice message:

> I am calling from Culligan to let you know this is the final reminder to schedule the required maintenance on your drinking water system. Maintenance is critical in extending the life of your system plus provides the high-quality drinking water you have grown to know and trust from Culligan. Please call us as soon as possible to schedule the required maintenance with one of our certified technicians. You can reach our local office at (262) 547-1862. Again, the number is (262) 547-1862. Press star if you would like to listen to this message again. Thank you for trusting Culligan with your water needs.

(*Id.*, ¶ 38.) The prerecorded message did not include an opt-out mechanism or provide a toll-free number that permitted Kapp to make a do-not-call request. (*Id.*, ¶¶ 44, 50 (citing 47 C.F.R. § 64.1200(b)).)

Kapp received similar, if not identical, telephone calls in prior years after discontinuing the water filtration system at his home. (*See* ECF No. 115, ¶ 45.) On at least one occasion Kapp called the number listed in the message and asked to be removed from the call list. (*Id.*) He was advised that only "corporate" could remove his number. (*Id.*) Despite asking to be removed from the call list Kapp continued to receive calls to his landline from Unco using a prerecorded voice to deliver messages with a "final reminder" to schedule "required maintenance" on his drinking water system. (*Id.*, ¶ 46.)

3

The Third Amended Complaint alleges a single violation of the TCPA. (*See* ECF No. 115, ¶¶ 68-91.) Specifically, the Third Amended Complaint alleges, "Defendants initiated, or caused the initiation of, telephone calls that introduced an advertisement or constituted telemarketing without the prior express written consent of the called party and for no emergency purpose in violation of 47 U.S.C. § 227." (*Id.*, ¶ 70.) The Third Amended Complaint further alleges, "Defendants' prerecorded or artificial voice messages failed to clearly state the identity that was responsible for initiating the calls" and "did not provide any telephone number in the message permitting a do-not-call request during regular business hours." (*Id.*, ¶¶ 85-86.) In addition to statutory damages the Third Amended Complaint seeks treble damages under 47 U.S.C. § 227(b)(3)(C) for the defendants' alleged "willful or knowing" violation of the TCPA. (*See id.*, ¶¶ 79-81, 89.)

On August 26, 2020, the defendants filed a motion for partial dismissal of the Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (*See* ECF No. 117.) Alternatively, they seek to strike certain allegations in the Third Amended Complaint pursuant to Fed. R. Civ. P. 12(f). (*See id.*)

## LEGAL STANDARDS

"[T]he TCPA . . . represents Congress's attempts to address . . . concerns about the deleterious effects of telemarketing and telephone solicitations, particularly automated calls." *Patriotic Veterans, Inc. v. Indiana*, 736 F.3d 1041, 1045 (7th Cir. 2013) (citing S. Rep. No. 102-178, *reprinted in* 1991 U.S.C.C.A.N. 1968). Relevant here, the TCPA "prohibits calls

4

to a residential telephone line using an artificial or prerecorded voice without the recipient's prior express consent, 'unless the call is initiated for emergency purposes or is exempted by rule or order by the [Federal Communications] Commission under paragraph 2(B).'" *Patriotic Veterans*, 736 F.3d at 1045 (quoting 47 U.S.C. § 227(b)(1)(B)). "The statute provides a private right of action to collect either actual damages or $500 *per violation* in statutory damages." *Brodsky v. HumanaDental Ins. Co.*, 910 F.3d 285, 291 (7th Cir. 2018) (citing 47 U.S.C. § 227(b)(3)(B)). "These amounts are trebled for willful violations." *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 639 (7th Cir. 2012).

The TCPA also prohibits calls using an automatic telephone dialing system "that do[] not comply with the technical and procedural standards prescribed" in the Act. *See* 47 U.S.C. § 227(d)(1)(A). Pursuant to 47 U.S.C. § 227(d)(3), the Federal Communications Commission issued regulations outlining these technical and procedural standards. With respect to automated messages, the implementing regulations require that all artificial or prerecorded voice telephone messages shall:

> (1) At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. . . . ;
>
> (2) During or after the message, state clearly the telephone number (other than that of the autodialer or prerecorded message player that placed the call) of such business, other entity, or individual. . . . For telemarketing messages to residential telephone subscribers, such telephone number must permit any individual to make a do-not-call request during regular business hours for the duration of the telemarketing campaign; and
>
> (3) In every case where the artificial or prerecorded voice telephone message includes or introduces an advertisement or constitutes

5

telemarketing and is delivered to a residential telephone line or any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii), provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request, including brief explanatory instructions on how to use such mechanism, within two (2) seconds of providing the identification information required in paragraph (b)(1) of this section.

47 C.F.R. § 64.1200(b)(1)-(3).

## DISCUSSION

The defendants move to partially dismiss the Third Amended Complaint for failure to state a claim upon which relief can be granted or, alternatively, to strike allegations in the Third Amended Complaint related to 47 C.F.R. § 64.1200(b) as immaterial and impertinent.

### I. Motion to dismiss

According to Fed. R. Civ. P. 8(a)(2), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." A motion to dismiss under Fed. R. Civ. P. 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "To survive a motion to dismiss, a complaint must 'state a claim to relief that is plausible on its face.'" *Zemeckis v. Global Credit & Collect. Corp.*, 679 F.3d 632, 634-35 (7th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim satisfies this pleading standard when its factual allegations 'raise a right to relief above the speculative level.'" *Zemeckis*, 679 F.3d at 635

6

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). When analyzing a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *Johnson v. Enhanced Recovery Co.*, 961 F.3d 975, 980 (7th Cir. 2020) (citing *Heredia v. Capital Mgmt. Servs., L.P.*, 942 F.3d 811, 814 (7th Cir. 2019)).

The defendants argue that the Third Amended Complaint should be dismissed to the extent it added allegations relating to 47 C.F.R. § 64.1200(b) because those regulations apply to 47 U.S.C. § 227(d) and there is no private right of action under that subsection of the TCPA. (*See* ECF No. 118 at 5-9.) Its position is well-supported, as "virtually every federal court to have considered this issue" agrees that, unlike subsections (b) and (c) of the TCPA, subsection (d) does not confer a private right of action. *Hurley v. Wayne Cty. Bd. of Educ.*, No. 3:16-9949, 2017 U.S. Dist. LEXIS 86345, at *9 (S.D. W. Va. June 6, 2017) (collecting cases). While not disputing the point, Kapp argues that dismissal is not appropriate because he is not seeking relief under § 227(d) or its implementing regulations. (*See* ECF No. 129 at 2-4.)

The Third Amended Complaint begins by stating that Kapp brings the complaint

on behalf of himself and a class of similarly-situated persons against [the defendants] for damages and other relief from their practice of initiating, or causing the initiation of, telephone calls using an artificial or prerecorded voice to deliver a message that introduces an advertisement or constitutes telemarketing, without the called party's prior express written consent as required by the Telephone Consumer Protection Act, 47 U.S.C. § 227.

7

(ECF No. 115 at 1.) In the "Introduction" section of the Third Amended Complaint Kapp alleges that he received a prerecorded call from the defendants to his residential landline telephone number, without his prior express written consent, asking him to call the defendants' local dealer to schedule maintenance on his drinking water system. (*Id.*, ¶¶ 3-4.) Kapp indicates that he is seeking statutory and treble damages under 47 U.S.C. § 227(b)(3) for each alleged violation of the TCPA. (*Id.*, ¶ 6.)

The Third Amended Complaint then provides background information on the TCPA. (*See* ECF No. 115, ¶¶ 18-30.) This section begins by stating, "This case challenges Defendants' practice of initiating, or causing the initiation of, prerecorded telephone calls that include or introduce an advertisement or constitute telemarketing without the prior express written consent of the called party." (*Id.*, ¶ 18.) It goes on to describe the TCPA's restrictions on the use of automated telephone equipment found in 47 U.S.C. § 227(b) and that subsection's implementing regulations, 47 C.F.R. § 64.1200(a). (*Id.*, ¶¶ 18-26.) The section also quotes the FCC's regulations concerning automated phone messages, which are found in 47 C.F.R. § 64.1200(b). (*Id.*, ¶ 27.)

Next are the factual allegations. (*See* ECF No. 115, ¶¶ 31-56.) The Third Amended Complaint alleges that Unco, on behalf of Eastern Wisconsin Water and without Kapp's prior express written consent, sent Kapp prerecorded calls and messages that encouraged him to call Eastern Wisconsin Water's Waukesha dealer to schedule required maintenance on his water filtration system. (*Id.*, ¶¶ 37-43, 45-46, 49.) The Third Amended Complaint

8

further alleges that the prerecorded calls "did not include an opt-out mechanism or provide a toll-free telephone number that permitted Kapp to make a do-not-call request." (*Id.*, ¶¶ 44, 50 (citing 47 C.F.R. § 64.1200(b)).)

After describing the class allegations (*see* ECF No. 115, ¶¶ 57-67), the Third Amended Complaint lists a single count for violation of the TCPA (*see id.*, ¶¶ 68-91). Specifically, the Third Amended Complaint alleges that, "Defendants initiated, or caused the initiation of, telephone calls that introduced an advertisement or constituted telemarketing without the prior express written consent of the called party and for no emergency purpose in violation of 47 U.S.C. § 227." (*Id.*, ¶ 70.) Within that section, the Third Amended Complaint also states that the prerecorded messages "failed to clearly state the identity that was responsible for initiating the calls" and that the prerecorded call to Kapp "did not provide any telephone number in the message permitting a do-not-call request during regular business hours." (*Id.*, ¶¶ 78, 85-86.)

Finally, Kapp indicates in the "Prayer for Relief" section of the Third Amended Complaint that he is seeking statutory damages under 47 U.S.C. § 227(b)(3)(B) for each alleged violation of the TCPA, as well as treble damages under 47 U.S.C. § 227(b)(3)(C). (*See* ECF No. 115 at 22.)

Read as a whole, the Third Amended Complaint does not purport to state a claim for relief for the defendants' alleged violations of 47 U.S.C. § 227(d) or its implementing regulations, 47 C.F.R. § 64.1200(b). The Third Amended Complaint does not mention

9

subsection (d) of the TCPA. While it does quote 47 U.S.C. § 64.1200(b)(1)-(3) and contain allegations related to those regulations, it is clear from the Third Amended Complaint that Kapp is seeking relief only under 47 U.S.C. § 227(b). The Third Amended Complaint repeatedly indicates that the case is about unconsented-to prerecorded telemarketing calls and that Kapp is seeking statutory and treble damages for those alleged violations. The fact that the automated calls also allegedly failed to comply with other technical and procedural standards prescribed in the TCPA is ancillary to Kapp's claim under § 227(b). In other words, Kapp's claim under § 227(b) does not include a claim under § 227(d) in disguise, as the defendants contend.

The cases the defendants rely upon to support their argument for partial dismissal seem to reach the opposite conclusion. Each of those cases involved a separate cause of action under 47 U.S.C. § 227(d) or 47 C.F.R. § 64.1200(b). *See Hurley*, 2017 U.S. Dist. LEXIS 86345, at *4-7 (dismissing separate count); *Meyer v. Capital All. Grp.*, No. 15-CV-2405-WVG, 2017 U.S. Dist. LEXIS 183690, at *41-42 (S.D. Cal. Nov. 6, 2017) (summary judgment on separate count); *Zaller, LLC v. Pharmawest Pharmacy, Ltd.*, No. CCB-11-789, 2011 U.S. Dist. LEXIS 129087, at *2-7 (D. Md. Nov. 8, 2011) (dismissing separate count); *Cynthia S. Holmes, P.C. v. Back Doctors, Ltd.*, 695 F. Supp. 2d 843, 851-55 (S.D. Ill. 2010) (alleged violations of section 227(d) could not support Rule 59(e) motion to amend judgment for defendant); *Boydston v. Asset Acceptance LLC*, 496 F. Supp. 2d 1101, 1110 (N.D. Cal. 2007) (allegation of violations of section 227(d) could not support federal question jurisdiction

10

for removal by defendant); *USA Tax Law Ctr., Inc. v. Office Warehouse Wholesale, LLC*, 160 P.3d 428, 430 (Colo. App. 2007) (affirming dismissal of separate count); *Culbreath v. Golding Enters., LLC*, 872 N.E.2d 284, 287-88 (Ohio 2007) (dismissing separate count); *Lary v. Flasch Bus. Consulting*, 878 So. 2d 1158, 1165 (Ala. Civ. App. 2003) (affirming dismissal of section 227(d) violations but reversing dismissal of section 227(b) claims).

Because the Third Amended Complaint does not purport to state a claim for relief under 47 U.S.C. § 227(d) or 47 C.F.R. § 64.1200(b), and because the defendants do not dispute that the Third Amended Complaint plausibly states a claim under 47 U.S.C. § 227(b), their motion for partial dismissal is denied.

## II. Motion to strike

Federal Rule of Civil Procedure 12(f) provides that a district court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." "The purpose of the rule is to prevent unnecessary expenditures of time and money litigating spurious issues." *Stine v. Homan Trucking LLC*, No. 18-cv-2202-JPG-RJD, 2019 U.S. Dist. LEXIS 51823, at *1 (S.D. Ill. Mar. 26, 2019) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)). "Motions to strike are generally disfavored because they are often employed for the sole purpose of causing delay." *Stine*, 2019 U.S. Dist. LEXIS 51823, at *1 (citing *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). Nonetheless, such motions may be granted when they "remove unnecessary clutter from the case, [because] they serve to expedite, not delay." *Heller Fin.*, 883 F.2d at 1294.

As an alternative to partial dismissal, the defendants argue that the court should strike the paragraphs in the Third Amended Complaint that relate to 47 C.F.R. § 64.1200(b) because there is no private right of action under 47 U.S.C. § 227(d) and those allegations are immaterial and impertinent to a claim under 47 U.S.C. § 227(b). (*See* ECF No. 118 at 9-10.) They maintain that they would be unduly prejudiced if Kapp were allowed discovery into those allegations. (*See id.*) Kapp argues that the allegations relating to 47 C.F.R. § 64.1200(b) "are relevant to whether Defendants' conduct in violation of the TCPA was 'willful or knowing,'" which, if true, would permit treble damages. (*See* ECF No. 129 at 4.)

The allegations in the Third Amended Complaint that relate to 47 C.F.R. § 64.1200(b) are immaterial to Kapp's claim under 47 U.S.C. § 227(b). It is undisputed that there is no private cause of action under 47 U.S.C. § 227(d), the subsection of the TCPA that authorizes the regulations found at 47 C.F.R. § 64.1200(b). Moreover, Kapp acknowledges that the Third Amended Complaint purports to state a claim for relief only under subsection (b). The allegations relating to 47 C.F.R. § 64.1200(b) therefore have no bearing on Kapp's claim that the defendants' calls violated § 227(b).

The fact that Kapp seeks treble damages for these alleged violations does not change this conclusion. The statute indicates that damages may be trebled only "[i]f the court finds that the defendant willfully or knowingly violated *this subsection or the regulations prescribed under this subsection.*" 47 U.S.C. § 227(b)(3)(C) (emphasis added).

12

Thus, that the calls may also have violated a different subsection of the TCPA has no bearing on Kapp's claim for treble damages under subsection (b). Removing the unnecessary clutter from this case would therefore expedite, not delay, this matter. Accordingly, the defendants' motion to strike paragraphs 27, 44, 50, 65c, 65d, 78, 81, 85, and 86 of the Third Amended Complaint is granted.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the defendants' motion (ECF No. 117) is **GRANTED in part** and **DENIED in part**. Paragraphs 27, 44, 50, 65c, 65d, 78, 81, 85, and 86 of the Third Amended Complaint (ECF No. 115) are **STRICKEN**.

Dated at Milwaukee, Wisconsin this 13th day of January, 2021.

WILLIAM E. DUFFIN
U.S. Magistrate Judge