# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**AARON KAPP,**
  *individually and on behalf of all others similarly situated,*
        **Plaintiff,**

        v.                                                                  **Case No. 20-CV-286**

**EASTERN WISCONSIN WATER CONDITIONING CO** and
**UNCO DATA SYSTEMS INC,**
        **Defendants.**

## DECISION AND ORDER

Plaintiff Aaron Kapp has filed a class action complaint alleging that Defendant Unco Data Systems, Inc., an agent of Defendant Eastern Wisconsin Water Conditioning Co., made prerecorded telemarketing calls to him (and other class members) without his prior written consent, in violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. The defendants previously moved to partially dismiss Kapp's Third Amended Complaint or, in the alternative, to strike certain allegations contained therein. The court resolved that motion on January 13, 2021. *Kapp v. E. Wis. Water Conditioning Co.*, No. 20-CV-286, 2021 U.S. Dist. LEXIS 7054 (E.D. Wis. Jan. 13, 2021).

The court now addresses the defendants' motion to strike the plaintiff's alleged classes. (ECF No. 125.) All parties have consented to the jurisdiction of a magistrate judge

under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). (*See* ECF Nos. 98, 99.) The motion is fully briefed and ready for resolution.

## BACKGROUND

After this matter was transferred to this court from the Northern District of Illinois, Kapp filed a Third Amended Class Action Complaint (ECF No. 115) that contains the following allegations. Eastern Wisconsin Water Conditioning Co. is a Minnesota Corporation that does business in Wisconsin under the name "Culligan Water Conditioning of Waukesha, Wisconsin" and that operates a local dealer in Waukesha. (*See* ECF No. 115, ¶¶ 9–10.) Unco Data Systems, Inc., is a professional software and technology company that provides services, such as telephone advertising, to the water industry, including Eastern Wisconsin Water. (*Id.*, ¶ 12.) As part of its services, Unco transmits phone calls and leaves prerecorded messages on behalf of Eastern Wisconsin Water that provide a call-back number for Eastern Wisconsin Water's local dealer. (*Id.*, ¶ 13.)

Aaron Kapp, a Wisconsin citizen residing in Wauwatosa, purchased a home that had a Culligan water filtration system already installed. (*See* ECF No. 115, ¶¶ 8, 31.) Soon after purchasing the home, Kapp scheduled a maintenance inspection of his Culligan water filtration system with Eastern Wisconsin Water's Waukesha dealer. (*Id.*, ¶ 32.) As part of the maintenance inspection, Kapp provided the Waukesha dealer with his home telephone number. (*Id.*, ¶ 33.) However, Kapp did not sign any written agreement consenting to receive calls using a prerecorded voice from the Waukesha dealer or its

affiliates. (*Id.*) A few years after purchasing the home, Kapp discontinued the home water filtration service. (*Id.*, ¶ 35.)

Despite discontinuing his filtration service, Kapp continued to receive prerecorded calls from Unco to his home landline that left the phone number for Eastern Wisconsin Water's Waukesha dealer. (*See* ECF No. 115, ¶¶ 3, 37-43.) For example, on July 8, 2018, Kapp received the following prerecorded voice message:

> I am calling from Culligan to let you know this is the final reminder to schedule the required maintenance on your drinking water system. Maintenance is critical in extending the life of your system plus provides the high-quality drinking water you have grown to know and trust from Culligan. Please call us as soon as possible to schedule the required maintenance with one of our certified technicians. You can reach our local office at (262) 547-1862. Again, the number is (262) 547-1862. Press star if you would like to listen to this message again. Thank you for trusting Culligan with your water needs.

(*Id.*, ¶ 38.)

Kapp received similar, if not identical, telephone calls in prior years after discontinuing the water filtration system at his home. (*See* ECF No. 115, ¶ 45.) On at least one occasion Kapp called the number listed in the message and asked to be removed from the call list. (*Id.*) He was advised that only "corporate" could remove his number. (*Id.*) Despite asking to be removed from the call list, Kapp continued to receive calls to his landline from Unco using a prerecorded voice to deliver messages with a "final reminder" to schedule "required maintenance" on his drinking water system. (*Id.*, ¶ 46.)

3

The Third Amended Complaint alleges a single violation of the TCPA. (*See* ECF No. 115, ¶¶ 68-91.) Specifically, the Third Amended Complaint alleges, "Defendants initiated, or caused the initiation of, telephone calls that introduced an advertisement or constituted telemarketing without the prior express written consent of the called party and for no emergency purpose in violation of 47 U.S.C. § 227." (*Id.*, ¶ 70.) In addition to statutory damages, the Third Amended Complaint seeks treble damages under 47 U.S.C. § 227(b)(3)(C) for the defendants' alleged "willful or knowing" violation of the TCPA. (*See id.*, ¶¶ 79-80, 89.)

Plaintiff alleges two classes in his Third Amended Complaint. As to Unco, he identifies the class as:

> All persons in the United States with a cellular phone or residential land line (1) who received a prerecorded telephone call or voice message, (2) related to maintenance or service on a Culligan® water system, (3) on or after December 14, 2014, and (4) without prior express written consent.

(ECF No. 115, ¶ 60.)

As to Eastern Wisconsin Water Conditioning, he proposes the following class:

> All persons in the United States with a cellular phone or residential land line (1) who received a prerecorded telephone call or voice message, (2) related to maintenance or service on a Culligan® water system, (3) that encouraged the call recipient to call (262) 547-1862 or to otherwise contact the Culligan® dealer located at 1801 Pewaukee Road, Waukesha, Wisconsin 53188 (4) on or after December 14, 2014, and (5) without prior express written consent.

(ECF No. 115, ¶ 61.)

The defendants argue that these proposed classes are overly broad and ask that the court strike them.

4

## LEGAL STANDARDS

"The court may strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Moreover, under Rule 23(c)(1)(A), "a court may deny class certification even before the plaintiff files a motion requesting certification." *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011). Taking these Rules together, the court may strike class allegations at the pleading stage if the pleadings "'are facially defective and definitively establish that a class action cannot be maintained ….'" *Wolfkiel v. Intersections Ins. Servs.*, 303 F.R.D. 287, 292 (N.D. Ill. 2014) (quoting *Wright v. Family Dollar, Inc.,* 2010 U.S. Dist. LEXIS 126643, 2010 WL 4962838, at *1 (N.D. Ill. 2010)).

Under Rule 23(a), a class action requires four elements: "numerosity, commonality, typicality, and adequate representation." Fed. R. Civ. P. 23(a); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011). It is the plaintiff's burden, as the party seeking class certification, to show that the proposed class meets all of the elements. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). The defendants argue that the plaintiff's class allegations fail with respect to the third and fourth elements: typicality and adequate representation.

The defendants also argue that the proposed classes are insufficient under Rule 23(b)(3) because questions of law or fact common to class members do not predominate over any questions affecting only individual members.

## ANALYSIS

### 1. Typicality and Adequacy of Representation

The defendants point out that Kapp alleges he was a former customer of the defendants who received automated calls on his residential landline. They argue that different rules and defenses would apply to any call allegedly received by (a) a current customer or (b) someone on a cellular phone. Therefore, Kapp cannot adequately represent these purported class members unlike himself, *i.e.*, current customers or persons who received robocalls on their cellular phones.

Kapp responds that "the complaint alleges a viable class on its face, so discovery is necessary to resolve whether that class should be certified or if a different narrower one might be more appropriate." (ECF No. 128 at 5.)

The FCC, by rule, can exempt certain robocalls to residential telephones from the TCPA, 47 U.S.C. § 227(b)(1)(B), and it has exempted calls that "do not contain telemarketing messages …." *In re Rules & Regulations Implementing the Tel. CPA of 1991*, 27 FCC Rcd 1830, 1841 (F.C.C. February 15, 2012).[1] The defendants argue that, by virtue of this exemption, any call to the residential telephone of a current customer is distinct, and Kapp, as a former customer, is not an adequate representative of such claims.

---

[1] The defendants also rely on other rules (ECF Nos. 126 at 8-9; 130 at 4 (discussing *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 21 FCC Rcd 3787, 3812 (F.C.C. April 6, 2006))), but those rules apply to junk faxes, not robocalls.

6

Case 2:20-cv-00286-WED   Filed 03/01/21   Page 6 of 12   Document 134

"The presence of even an arguable defense peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiff's representation." *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 726 (7th Cir. 2011). However, the Court of Appeals for the Seventh Circuit made this statement in the context of a motion to certify a class and not, as here, in the context of a motion to strike class allegations at the pleading stage.

At the pleading stage the court's concern is the plausibility of the plaintiff's allegations. The defendants have shown only that it is plausible that the plaintiff *might not* be an adequate class representative. But to warrant striking the class allegations the defendants must show that, based on the allegations in the complaint, there is no way Kapp could be an adequate class representative. The defendants have failed to show that.

As framed by the defendants, whether the distinction between past and current customers is material depends on whether the robocalls were telemarketing messages as opposed to merely "transactional" or "informational." The Third Amended Complaint adequately alleges the calls were telemarketing messages. Whether they actually are is a question that will require discovery. Unless the court can determine, either at summary judgment or in conjunction with a motion to certify class, that none of the calls were subject to an exemption, Kapp may ultimately prove to be an inadequate class

7

representative. But, if no exemption applies, Kapp may plausibly be an appropriate class representative. Therefore, the court will not strike the class allegations on this basis.

The defendants additionally argue that Kapp is an inadequate representative of persons who received the robocall on a cellular phone because he received his calls exclusively on his residential landline. The defendants argue that, under the TCPA, cell phones are distinct from residential landlines. (ECF No. 126 at 10-11.)

While the defendants cite many cases that support the proposition that cell phones and residential landlines are distinct under the TCPA, they need not: such a distinction is clear from the text of the statute. The defendants, however, do not point to any authority that answers the question presented here—whether a plaintiff who received robocalls exclusively on his residential landline may be an adequate representative for class members who received robocalls exclusively on cell phones.

The defendants argue that the cell phone / residential landline distinction matters because "[a] transactional or informational message to a residential landline is exempt from the TCPA. On the other hand, a transactional or informational message to a cell phone needs prior express consent." (ECF No. 126 at 11.) But, again, this distinction is material only if the defendants' robocalls were "transactional or informational." The Third Amended Complaint adequately alleges they were not, but rather were telemarketing calls.

8

The defendants have not shown that a person who received a robocall on his residential landline, allegedly in violation of 47 U.S.C. § 227(b)(1)(B), can never be an adequate representative for a person who received the same robocall on his cellular phone, allegedly in violation of 47 U.S.C. § 227(b)(1)(A)(iii). *Cf. McMillion v. Rash Curtis & Assocs.*, No. 16-cv-03396-YGR, 2017 U.S. Dist. LEXIS 144403, at *23 (N.D. Cal. Sep. 6, 2017) (certifying a class that included persons who received robocalls to either their cellular or residential phones even though the class representative was alleged to have received calls on his cellular phone, *McMillion v. Rash Curtis & Assocs.*, No. 4:16-cv-3396 YGR, 2017 U.S. Dist. LEXIS 59246, at *1 (N.D. Cal. Apr. 18, 2017), although doing so without discussion of the distinction). Therefore, the court also will deny the defendants' motion to strike on this basis.

**2. Predominance**

Even if an action satisfies the prerequisites of Rule 23(a), the proposed class action must nonetheless be appropriate under Rule 23(b). Kapp alleges in the Third Amended Complaint that a class action is appropriate under Rule 23(b)(3) (ECF No. 115, ¶ 63), which permits a class action when "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

9

The defendants note that Kapp alleges he was a former customer because he discontinued his water service. They argue that whether Kapp was a former customer requires an individualized assessment of the facts and circumstances that support his assertion. The defendants argue that such individualized assessments will be necessary for each purported class member. Therefore, the matter is inappropriate for resolution on a class-wide basis.

As discussed above, the distinction that the defendants make between current and former customers is material only if the robocalls were not telemarketing calls. Resolving that question will require discovery. Even if the distinction proves material, the defendants have not shown that it necessarily will be as complicated as they speculate it might be to determine whether an individual was a current or former customer when he received the robocall.

Similarly, the defendants' assertion that some calls to landlines could have been to businesses or businesses operated out of homes does not demonstrate that a class action is necessarily inappropriate. It is plausible that discovery may reveal a ready means of discerning landline telephone numbers that were associated with businesses. Such criteria may then be incorporated into the class definition so that all such persons are excluded from the class.

Again, the question at this stage is only whether it is plausible that, with the benefit of discovery, the plaintiff will be able to demonstrate that a class action is appropriate.

Only if there is no plausible way that the plaintiff will ever be able to show that a class action is appropriate would it be appropriate to grant the defendants' motion to strike. In arguing that Kapp's class allegations should be stricken, the defendants are arguing there is no way Kapp can show a class is appropriate because some of the calls to landlines might have been to home businesses. However, "[t]he majority of courts to have considered this issue have concluded that factual questions related to personal use, as opposed to commercial use, do not prevent certification of consumer protection class actions." *Braver v. Northstar Alarm Servs., LLC*, 329 F.R.D. 320, 329 (W.D. Okla. 2018) (*Yazzie v. Gurley Motor Co.*, 2015 U.S. Dist. LEXIS 182068, 2015 WL 10818834, *5 (D. N.Mex. 2015)). The possibility that certain prospective class members ultimately might not be eligible for relief under the statute is not an uncommon nor insurmountable problem in consumer litigation. *See Yazzie*, 2015 U.S. Dist. LEXIS 182068, at *16 ("issues regarding the consumer nature of the transaction can be resolved simply by asking class members about their vehicle use during class notification process").

In sum, based on the allegations in the complaint it is plausible that Kapp will be able to show that a class action is appropriate under Rule 23(b)(3). Whether a class action will ultimately prove appropriate is a matter the court cannot decide at this time.

11

**IT IS THEREFORE ORDERED** that the defendants' "Motion to Strike Class" (ECF No. 125) is **denied**.

Dated at Milwaukee, Wisconsin this 1st day of March, 2021.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge