IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| AARON KAPP, individually and as the representative of a class of similarly-situated persons,<br><br>      Plaintiff,<br><br>  v.<br><br>EASTERN WISCONSIN WATER CONDITIONING CO. and UNCO DATA SYSTEMS, INC.,<br><br>      Defendants. | No. 20-cv-286<br><br>Hon. William J. Duffin |

**PLAINTIFF'S UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

  Plaintiff, Aaron Kapp ("Plaintiff" or "Kapp"), on behalf of himself and a proposed class of persons defined below in Section II.A. (the "Class"), and with the consent of defendants Eastern Wisconsin Water Conditioning Co. and Unco Data Systems, Inc. (collectively, "Defendants"), respectfully requests that the Court enter an order pursuant to Fed. R. Civ. P. 23(e) that: (1) preliminarily approves the Class Settlement Agreement ("Settlement Agreement"), attached hereto as Exhibit A; (2) approves the mailing of notice to the Class in the form of Exhibit 2 to Exhibit A; (3) finds that the mailing of such notice will satisfy Rule 23 and Due Process; and (4) schedules a hearing for final approval of the Settlement Agreement. A copy of the proposed preliminary approval order is attached as Exhibit 1 to Exhibit A.

**I. SUMMARY OF CLAIMS AND LITIGATION**

  Plaintiff's Amended Class Action Complaint alleges that Defendants made unsolicited, prerecorded telephone calls to Plaintiff and a class of others in violation

1

of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Specifically, Defendants made or caused to be made telephone calls which delivered prerecorded or artificial voice message to landline phones with the following "final reminder" to schedule the "required maintenance:"

> I am calling from Culligan to let you know this is the final reminder to schedule the required maintenance on your drinking water system. Maintenance is critical in extending the life of your system plus provides the high-quality drinking water you have grown to know and trust from Culligan. Please call us as soon as possible to schedule to the required maintenance with one of our certified technicians. You can reach our local office at 262-547-1862. Again, the number is 262-547-1862. Press star if you would like to listen to this message again. Thank you for trusting Culligan with your water needs.

Defendants' message used a robotic sounding voice, there was the lack of a human voice on the line, and the content of the message was generic to indicate that the call was prerecorded. Defendants did not obtain the prior express written consent of the called parties before making the call. The message also did not include any contact number or option to be removed from the call list. Discovery indicates that approximately 51,000 persons received the call at issue.

Defendants have raised several defenses to class certification and the merits, including arguing that (1) the calls were made to both current and former customers; (2) some of the call recipients allegedly provided some form of consent for the calls; (3) some of the calls were made to cellular phones, while others were made to residential landlines; and (4) that individualized inquiries would need to be undertaken to determine whether the numbers called were residential or business numbers.

The Settlement Agreement proposes to resolve all the Class's claims for the total amount of $525,000.00. The proposed Settlement Agreement is the result of arm's-length negotiations over several months by the parties and their counsel.

Class Counsel has analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering and collecting damages more than those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals. Based upon counsel's review and analysis, the parties have entered into the Settlement Agreement to settle and compromise the litigation on the terms and conditions embodied in the Settlement Agreement.

## II. TERMS OF THE SETTLEMENT

The Settlement Agreement's primary terms are as follows:

    a.    <u>Certification of the "Settlement Class."</u> The Parties have stipulated to certification of a Rule 23 (b) (3) settlement class defined as:

> All persons in the United States with a cellular phone or residential landline who received a prerecorded telephone call or voice message from the defendants: (1) between December 14, 2014, and January 1, 2019; (2) related to maintenance or service on a Culligan® water system and (3) without prior express written consent.

The Settlement Class excludes and does not include: (1) Defendants, any parent, subsidiary, affiliate, or controlled person of Defendants, as well as their attorneys, officers, directors, or agents, and the immediate family members of such persons; (2) the named counsel in the Action and any employee of their

office or firm; and (3) the judge(s) assigned to the Action and his or her staff. *See* Agreement, Exhibit A, at ¶ 2.

      b.      The Class Representative and Class Counsel. The parties have agreed that Plaintiff is the "Class Representative" and that Plaintiff's attorneys Phillip A. Bock and David M. Oppenheim of Bock Hatch & Oppenheim, LLC are "Class Counsel" for the Settlement Class. *Id.* at ¶ 3.

      c.      The Settlement Fund. Defendants have agreed to make available $525,000 (the "Settlement Fund") to pay class member claims, to pay an incentive payment to the Class Representative, and to pay attorneys' fees and expenses to Class Counsel (including the costs of notice and settlement administration). *Id.*, ¶ 5.

      d.      Class Notice. The parties have agreed to notify the Settlement Class about the settlement by sending a notice by U.S. Mail to the persons associated with the telephone numbers called (the "Notice List") and by e-mail (if available) to persons on the Notice List to whom mail notice is undeliverable and will also make the notice and claim form available with other documents from this case on the Settlement Administrator's website. The notice includes instructions about submitting a claim form to the Settlement Administrator by text, mail, or electronically, and about opting out or objecting to the settlement, and includes a direct dial telephone number for people to call Class Counsel with questions. *Id.*, ¶¶ 7, 9 and Exhibit 2 thereto.

4

Case 2:20-cv-00286-WED   Filed 08/05/22   Page 4 of 19   Document 140

e. <u>Claims</u>.

(i) <u>The claim form</u>. To claim a cash payment from the Settlement Fund, a person must identify himself/herself/itself as the owner/holder/user of one or more of the involved telephone numbers on the dates the calls were made. The class notice attaches the simple, one-page claim form required for submitting such claims for payment. The claim form is the fourth page of the Notice (Exhibit 2 to the Settlement Agreement). On the claim form a person must affirm that one or more telephone numbers from Defendants' call records was that person's telephone number when the calls at issue were made but need not remember or possess any corroborating records.

Each person submitting a timely and valid Claim Form will be mailed a payment of their *pro rata* share of the Settlement Fund net of approved other payments (*i.e.,* attorney's fees and expenses, settlement administration costs, and service award). Again, the claimant need not possess any telephone records showing calls from Defendants, need not remember receiving any call from Defendants, and need not know anything about Defendants. Rather, the claimant must merely identify himself/herself/itself as a member of the Settlement Class by verifying ownership or use of one or more targeted telephone numbers during the class period. *Id.*, ¶¶ 8-9 and Exhibit 2 thereto.

(ii) <u>The Settlement Administrator</u>. Subject to the Court's approval, a company named Class-settlement.com will be the "Settlement Administrator," and will issue the class notice, maintain the settlement website, assist class members upon request in completing and submitting forms, receive the claim forms, provide a list of approved and rejected claims to counsel for the Parties, and issue the payments to approved claims. Class-settlement.com is an experienced, independent, class action settlement administrator. The Settlement Administrator shall be paid from the Settlement Fund. *Id.,* ¶¶ 7, 10.

f. <u>Class member rights to request exclusion from the Settlement Class or object to the settlement</u>. Any member of the Settlement Class may seek to be excluded from the Agreement and the settlement by requesting exclusion (also known as "opting out") within the time set by the Court. The Parties propose a period of 60 days after the Settlement Administrator issues the class notice. Any member who opts out of the class during that 60-day period will not be bound by any prior Court Order in the case or the terms of the Agreement but also shall not be entitled to any of the monetary benefits set forth in the Agreement. Alternatively, a class member can stay in the Settlement Class and object to all or any of the settlement terms within the time set by the Court, if they choose to do so. As with exclusion requests, the Parties suggest that class members be permitted to object within 60 days after the Settlement Administrator issues the class notice. *Id.,* ¶ 11.

6

g. <u>Release of claims</u>. If the Court finally approves the proposed settlement after notice, the Settlement Class will release all TCPA claims that were brought or which could have been brought against Defendants about communications during the Class Period. *Id.*, ¶ 15(a).

h. <u>Attorney's fees and expenses to Class Counsel and the Class Representative service award</u>. At the final approval hearing, as indicated in the class notice, Class Counsel will apply to the Court to approve an award to Class Counsel of attorney's fees equal to one-third of the Settlement Fund ($175,000), plus reasonable out-of-pocket expenses. Class Counsel will also ask the Court to approve an award of $15,000 to Plaintiff from the Settlement Fund for serving as the Class Representative. *Id.*, ¶ 10. Defendants have agreed not to object to these requests and to pay the amounts awarded from the Settlement Fund. *Id.*

## III. PRELIMINARY APPROVAL OF THE SETTLEMENT IS WARRANTED.

The question presented on a motion for preliminary approval of a class action settlement is whether the proposed settlement is "within the range of possible approval." *Armstrong v. Board of School Directors*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998); *Kaufman v. Am. Exp. Travel Related Services Co., Inc.*, 264 F.R.D. 438, 447 (N.D. Ill. 2009); *Manual for Complex Litigation* (4th ed.), §21.62 and §21.63. Preliminary approval is the prerequisite to giving notice so that "the proposed settlement ... may be submitted to members of the prospective class for their acceptance or rejection."

7

*Armstrong v. Board of School Directors*, *supra*, 616 F.2d at 314. The court does not render a final decision as to whether the proposed settlement is fair, reasonable, and adequate until the final approval hearing, after the class has had an opportunity to comment on the settlement. *Id*.

Federal Rule of Civil Procedure 23(e) requires, "The parties must provide the court with information sufficient to enable it to determine whether to give notice of the proposal to the class." Fed. R. Civ. P. 23(e)(1)(A). "Federal courts naturally favor the settlement of class action litigation." *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) (internal citations omitted). It is axiomatic that courts look with great favor upon the voluntary resolution of litigation through settlement. *Du Puy v. Director, Office of Workers' Compensation Programs*, 519 F.2d 536, 541 (7th Cir. 1975), *cert. denied*, 424 U.S. 965 (1976).

"In reviewing a proposed settlement, the court should consider the judgment of counsel and the presence of good faith bargaining." *Patterson v. Stovall*, 528 F.2d 108, 114 (7th Cir. 1976), *overruled on other grounds* by *Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998). Courts usually refuse to substitute their business judgment for that of counsel, absent fraud or overreaching. *Id*.

A "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, No. 07 Civ. 2898, 2012 WL 651727, at *10 (N.D. Ill. Feb. 28, 2012) (quoting *Wal-Mart Stores, Inc. v. Visa USA, Inc.*, 396 F.3d 96, 116 (2d Cir. 2005)).

8

Case 2:20-cv-00286-WED    Filed 08/05/22    Page 8 of 19    Document 140

Preliminary approval requires only that the settlement figure is within a "reasonable range." *Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, No. 07 Civ. 2898, 2011 WL 3290302, at *7 (N.D. Ill. July 26, 2011). To grant preliminary approval, a court need only find that there is "probable cause to submit the [settlement] proposal to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n-E. R.R.*, 627 F.2d at 634 (quoting *Manual For Complex Litigation* (3d ed.) § 1.46 n.10) (internal quotation marks omitted); ALBA CONTE & HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS, § 11:25 (4th ed. Updated June 2008) (noting that "[i]f the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness ... and appears to fall within the range of possible approval," the court should permit notice of the settlement to be sent to class members) (citations omitted).

When determining whether a settlement falls within the range of possible final approval, a district court's inquiry is "limited to the consideration of whether the proposed settlement is lawful, fair, reasonable, and adequate." *Isby,* 75 F.3d at 1196 (citations omitted); *see also E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985). However, courts must "give careful scrutiny to the terms of proposed settlements in order to make sure that class counsel are behaving as honest fiduciaries for the class as a whole." *Eubank v. Pella Corp.*, 753 F.3d 718, 723 (7th Cir. 2014) (citing *Mirfasihi v. Fleet Mortgage Corp.*, 356 F.3d 781, 785 (7th Cir. 2004)).

In making this determination, a court considers five factors: (1) the strength of plaintiff's case compared to the terms of the proposed settlement; (2) the likely complexity, length, and expense of continued litigation; (3) the amount of opposition to settlement among affected parties; (4) the opinion of competent counsel; and (5) the stage of the proceedings and the amount of discovery completed. *Am. Int'l Grp., Inc.*, 2012 WL 651727, at *2 (citing *Synfuel Techs., Inc. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006)). Here, these factors support preliminary approval.

### A. The recovery provided to the Class measured against the strength of the case, as well as the complexity, length, and expense of continued litigation, weigh in favor of approval.

In evaluating a proposed settlement, a court recognizes that the "essence of settlement is compromise" and will not represent a total win for either side. *Isby*, 75 F.3d at 1200, quoting *Armstrong v. Board of Sch. Dir.*, 616 F.2d 305, 315 (7th Cir. 1980). The court is not called upon to determine whether the settlement reached by the parties is the best possible deal, nor whether class members will receive as much from a settlement as they might have recovered from victory at trial. *See In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450, 534 (D. N.J. 1997), aff'd, 148 F.3d 283 (3d Cir. 1998); *E.E.O.C. v. Hiram Walker & Sons*, 768 F.2d 884, 889 (7th Cir. 1985).

Here, Defendants raise defenses to both class certification and the merits of the claims. To extract a recovery for the Class, Plaintiff would have to go to trial and obtain a judgment. Then, Plaintiff would have to attempt to collect against Defendant's parent company. If unsuccessful, the Class would likely recover nothing. By settling this matter, the parties avoid the expense of trial and uncertainty of

10

outcome. If this matter proceeded to trial, the net value of the recovery could be further decreased due to the costs of compelling further discovery, retaining expert witnesses, preparing for trial and, possibly, engaging in post-trial matters, including the lodging of an appeal.

Moreover, Defendants' ability to pay a greater settlement or judgment is questionable at best. Defendants are small, privately-held companies that serve as a franchisee and contractor of the larger Culligan Water Technologies, Inc., which initially was a defendant in this action but was voluntarily dismissed after discovery established that it had no involvement in the calls at issue. Therefore, the Settlement is not only fair, adequate, and reasonable for all involved, but also an outstanding result for the Class.

Litigation through trial would be complex, costly, and lengthy. By reaching a favorable settlement prior to trial, Plaintiff and the Class avoid significant expense and delay, and instead ensure a significant and early recovery for the Class members. "[A]n integral part of the strength of a case on the merits is a consideration of the various risks and costs that accompany continuation of the litigation." *Fitzsimmons*, 778 F.2d at 309. Although Plaintiff believes his case is strong, it is subject to considerable delay, risks, and costs if the case is not settled. The years of additional litigation would unnecessarily increase both the expense of the litigation and the risk for Class members. *Isby,* 75 F.3d at 1199; *In re Mexico Money Transfer Litig.*, 164 F. Supp. 2d 1002, 1019 (N.D. Ill. 2000).

As to delay, continued litigation also carries with it a decrease in the time value of money; "[t]o most people, a dollar today is worth a great deal more than a dollar ten years from now." *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 284 (7th Cir. 2002); *see also Fitzsimmons*, 778 F.2d at 309 n.3; *Seiden v. Nicholson*, 72 F.R.D. 201, 208 (N.D. Ill. 1976) ("If this case had been litigated to conclusion, all that is certain is that plaintiffs would have spent a large amount of time, money and effort."). The Settlement Agreement, on the other hand, provides substantial immediate benefits. Therefore, this factor also weighs in favor of preliminary approval.

### B. The amount of opposition by class members.

The analysis of this factor is premature. *In re AT & T Mobility Wireless Data Servs. Sales Litig.*, 270 F.R.D. 330, 349 (N.D. Ill. 2010). The Court should analyze this factor after the class notice is sent and the members of the Class have had an opportunity to comment on the Settlement Agreement, including filing a request for exclusion or an objection.

### C. Class Counsel consider the settlement fair, reasonable, and adequate.

Courts give considerable weight to the opinion of experienced counsel supporting a proposed class action settlement. *See, e.g., Armstrong v. Board of School Directors, supra*, 616 F.2d at 325; *Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D. Cal. 1988); *Reed v. General Motors Corp.*, 703 F.2d 170, 175 (5th Cir. 1983); *Weinberger v. Kendrick*, 698 F.2d 61, 74 (2nd Cir. 1982); *In re Mexico Money Transfer Litigation, supra*, 164 F. Supp. 2d at 1020. In fact, courts are "entitled to rely heavily on the opinion of competent counsel," *Gautreaux v. Pierce*, 690 F.2d 616, 634 (7th Cir.

1982) (quoting *Armstrong v. Board of School Directors, supra*, 616 F.2d at 325); *Isby*, 75 F.3d at 1200.

Plaintiff's attorneys are experienced in TCPA and class action matters, and believe this settlement is fair, reasonable, and adequate.[1] Class counsel are well positioned to form their opinion after researching and investigating the claims, allegations, and defenses, considering the likelihood of an appeal, and reviewing documents. These factors, as well as the result, compel the conclusion that the Settlement Agreement is a result of arm's-length negotiation, and not collusion. *See Isby*, 75 F.3d at 1200. It is the opinion of class counsel that this settlement is fair, reasonable, and adequate.

### D. Stage of the proceedings and the amount of discovery completed.

Plaintiff filed his complaint in Illinois state court in December 2018. Doc. 1. The parties proceeded to discover and litigate issues relating to personal jurisdiction and Culligan's liability. During that process, Plaintiff learned about the relevant documentary records and the strengths and weakness of Defendants' defenses.

Courts regularly approve settlements where all essential information was discovered before settlement. *See Isby*, 75 F.3d 1191 (approving settlement early in case where the parties had conducted a thorough investigation of the background and facts pertinent to the claims). Courts also encourage parties to settle class actions

---

[1] Plaintiff's attorneys have litigated TCPA class actions since 2003. Courts have appointed them as lead class counsel in many TCPA cases, in addition to other types of class actions. Additionally, Plaintiff's counsel have successfully negotiated numerous class-wide settlements in TCPA cases. *See* Firm Resume, attached as Exhibit B.

early, without expending unnecessary resources. *McCue v. MB Fin., Inc.*, 15 CV 988, 2015 WL 4522564, at *4 (N.D. Ill. July 23, 2015), quoting *Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693, 2013 WL 5492998, at *5 (S.D.N.Y. Oct. 2, 2013).

In sum, the issues presented in the case have been reviewed and examined. Class counsel believe that no further investigation, discovery, or analysis would change their evaluation of the case or about this settlement, particularly given Defendants' limited ability to pay. The Settlement Agreement is ready for preliminary approval based on its terms and conditions.

## IV. CLASS COUNSEL'S REQUESTED ATTORNEY FEE IS APPROPRIATE AND REASONABLE.[2]

Under the terms of the Agreement, Defendant will pay Plaintiff's attorney fees and out-of-pocket expenses out of the non-reversionary settlement fund ($525,000.00). Plaintiff seeks one-third of the fund ($175,000) plus out-of-pocket expenses. Summary of Expenses, Exhibit C.

The U.S. Supreme Court has held that negotiated, agreed-upon attorneys' fee provisions, such as the one here, are the "ideal" towards which the parties should strive: "A request for attorneys' fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). In *Malchman v. Davis*, 761 F.2d 893 (2d Cir. 1985), a federal

---

[2] While the Court is not expected to rule on the fee, expense, and service awards until final approval, Plaintiff presents the arguments now—before the objection deadline—in compliance with *Redman v. RadioShack Corp.*, 768 F.3d 622, 637-38 (7th Cir. 2014), *cert. denied sub nom., Nicaj v. Shoe Carnival, Inc.,* 135 S. Ct. 1429, 191 L. Ed. 2d 366 (2015).

court of appeals concluded that courts should not interfere in fee arrangements between settling class action parties when the defendant has agreed to pay the fees:

> [W]here ... the amount of the fees is important to the party paying them, as well as the attorney recipient, it seems to the author of this opinion that an agreement 'not to oppose' an application for fees up to a point is essential to completion of the settlement, because the defendants want to know their total maximum exposure and the Plaintiffs do not want to be sandbagged. It is difficult to see how this could be left entirely to the courts for determination after the settlement. [761 F.2d at 905 n. 5].

Courts have long recognized that the attorney's contingent risk is an important factor in determining the fee award. *See Florin v. Nationsbank of Georgia, N.A.*, 34 F.3d 560, 565 (7th Cir. 1994); *Gaskill v. Gordon*, 160 F.3d 361, 363 (7th Cir. 1998). It is well-settled that the attorneys who create a benefit for class members are entitled to compensation for their services. *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478 (1980). "When a class suit produces a fund for the class, it is commonplace to award the lawyers for the class a percentage of the fund." *Gaskill*, 160 F.3d at 362-63 (affirming award of 38% of $20 million), *citing Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984).

Where lawyers working on a contingency basis in the relevant community typically charge 33% to 40% of any recovery to a private client, this shows that a similar fee is appropriate in a contingency class action. *Id.*; *see also* ALBA CONTE & HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS, § 13:80 (4th ed. Updated June 2008); *Taubenfeld v. Aon Corp.*, 415 F.3d 597 (7th Cir. 2005) (approving award of fees equal to 30% of $7.25 million settlement plus $111,054.06 in expenses and citing with approval a submission showing thirteen cases in the Northern District with awards of 30-39% of common funds in class actions); *In re Continental Illinois Securities*

*Litig.*, 962 F.2d 566, 572 (7th Cir. 1992) ("class counsel are entitled to the fee they would have received had they handled a similar suit on a contingent fee basis, with a similar outcome, for a paying client. … We know that in personal-injury suits the usual range for contingent fees is between 33 and 50 percent….").

Here, Class Counsel's request for one third of the Settlement Fund is within the market rate for TCPA cases. *See, e.g., Sawyer v. Atlas Heating & Sheet Metal Works, Inc.*, Case No. 10-CV-331 (E.D. Wis. July 19, 2013) (Doc. 59) (35% fee); *The Savanna Group, Inc. v. Trynex, Inc.*, Case No. 10-CV-7995 (N.D. Ill. Mar. 4, 2014) (Doc. 243) (awarding one third of fund); *Saf-T-Gard International, Inc. v. Seiko Corp. of America*, No. 09 C 0776 (N.D. Ill. Jan. 14, 2011) (Doc. 100) (same); *G.M. Sign, Inc. v. Finish Thompson, Inc.*, 08 C 5953 (N.D. Ill. Nov. 1, 2010) (Doc. 146) (same); *Robert W. Mauthe, M.D., P.C. v. ITG, Inc.*, No. 18-cv-1968 (E.D. Pa. Dec. 21, 2021) (Doc. 138) (same); *City Select Auto Sales, Inc. v. BMW Bank of North America, Inc.*, Case No. 13-cv-4595 (D. N.J. Jan. 7, 2020) (Doc. 171) (same); *Conner v. Optum360, LLC*, Case No. 17-cv-1642 (E.D. Pa. Nov. 25, 2019) (Doc. 122) (same); *Community Vocational Schools of Pittsburgh, Inc. v. Mildon Bus Lines, Inc.*, Case No. 09-cv-1572 (W.D. Pa. Oct. 9, 2019) (Doc. 149) (same); *13-50 River Road Corp. v. Ansam Commercial Kitchen and Ventilation Specialists, Inc.*, Case No. 16-cv-710 (D. N.J. July 24, 2019) (same); *Rusgo and DePanicis, Inc. v. Walter J. Svenkesen Insurance Agency, Inc.*, Case No. 16-cv-12966 (E.D. Mich. September 19, 2017) (Doc. 32) (same); *Imhoff Investment, LLC v. Sammichaels, Inc.*, Case No. 10-cv-10996 (E.D. Mich. Nov. 2, 2016) (Doc. 120) (same); *American Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.*, Case No. 09-

cv-1162 (W.D. Mich. Mar. 1, 2016) (Doc. 278) (same); *Sandusky Wellness Center, LLC v. Wagner Wellness, Inc.*, Case No. 12-cv-2257 (N.D. Ohio Feb. 9, 2016) (Doc. 73) (same); *Hawk Valley v. Taylor*, Case No. 10-CV-804 (E.D. Pa. Aug. 6, 2015) (Doc. 193) (same); *Van Sweden Jewelers, Inc. v. 101 VT, Inc.*, Case No. 10-CV-253 (W.D. Mich. July 30, 2015) (Doc. 245) (same); *Jackson's Five Star Catering, Inc. v. Beason*, Case No. 10-cv-10010 (E.D. Mich. Apr. 5, 2015) (same); *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, Case No. 11 CV 11, 2015 WL 12866997 (D. N.J. Jan. 26, 2015) (same); *Sandusky Wellness Center v. Heel, Inc.*, Case No. 12-CV-1470 (N.D. Ohio Apr. 25, 2014) (Doc. 95) (same); *Avio Inc. v. Creative Office Solutions, Inc.*, 10-cv-10622 (E.D. Mich. Dec. 10, 2012) (Doc. 31) (same).

Here, the fee request is one-third of the $525,000 fund—well within the ranges discussed. It is therefore reasonable and appropriate.

### V. The Service Award to Plaintiff.

If the Settlement is approved, Defendant has agreed to pay Plaintiff $15,000 from the Settlement Fund for serving as the class representative. Doc. 122-1 at ¶ 9. Courts routinely award such "service awards" to the persons who assume the special litigation burden of class representative and thereby benefit the entire class. *See Cook,* 142 F.3d at 1016 (affirming $25,000 incentive award to class representative because "a named plaintiff is an essential ingredient of any class action, [and] an incentive award is appropriate if it is necessary to induce an individual to participate in the suit"); *In re Dun & Bradstreet Credit Services Customer Litigation*, 130 F.R.D. 366, 367 (S.D. Ohio 1990) (approving two incentive awards of $55,000 and three of $35,000 to five representatives).

Class action suits conserve judicial and litigant resources. *GMAC Mtge. Corp. v. Stapleton*, 236 Ill. App. 3d 486, 497, *citing* C. Krislov, Scrutiny of the Bounty: Incentive Awards for Plaintiff in Class Litigation, 78 Ill. B.J. 286 (June 1990). Class representatives assume the burdens of litigation that absent class members do not shoulder and do so without promise of a reward and with the risk that the litigation may not succeed. The class representative in this case was no exception. But for his initiative and participation, the benefits available to all Class members would not have been realized. Like the attorney's fees, this award will be made only after notice to the class about their right to object and after the final approval hearing.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court preliminarily approve the settlement, direct that notice be sent to the Class, and set a date and time for a final approval hearing.

Respectfully submitted,

AARON KAPP, individually and as the representative of a class of similarly-situated persons,

By: s/ David M. Oppenheim
　　　One of their attorneys

Phillip A. Bock
David M. Oppenheim
Bock Hatch & Oppenheim LLC
203 N. La Salle St., Ste. 2100
Chicago, IL 60601
Telephone: 312-658-5500

## **CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that, on August 5, 2022, he caused a copy of the foregoing to be served on all counsel of record via the Court's ECF system.

                                        /s/ David M. Oppenheim
                                        One of Plaintiff's attorneys

19
Case 2:20-cv-00286-WED   Filed 08/05/22   Page 19 of 19   Document 140