UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| AARON KAPP, individually and as the representative of a class of similarly situated persons, | Case No.: 20-CV-286 |
| Plaintiff, | |
| v. | |
| EASTERN WISCONSIN WATER CONDITIONING CO. and UNCO DATA SYSTEMS, INC., | |
| Defendants. | |

# FINAL APPROVAL ORDER

The matter coming before the Court on the request for final approval of the class action settlement by Plaintiff, Aaron Kapp ("Plaintiff"), and Defendants, Eastern Wisconsin Water Conditioning Co. and Unco Data Systems, Inc. Eastern Wisconsin Water Conditioning Co. and Unco Data Systems, Inc. ("Defendants"), due notice having been given, the parties appearing through counsel, and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED**:

1. This Court has jurisdiction over the parties, the members of the Settlement Class, and the claims asserted in this lawsuit.

2. Pursuant to Fed. R. Civ. P. 23, the settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable, and adequate settlement of this case in the best interests of the Settlement Class considering the factual, legal, practical and procedural considerations raised by this case.

3. On August 23, 2022, the Court preliminarily approved the Settlement Agreement and certified for settlement purposes the Settlement Class defined as follows: "All persons in the United States with a cellular phone or residential landline who received a prerecorded telephone call or voice message from the defendants: (1) between December 14, 2014 and January 1, 2019; (2) related to maintenance or service on a Culligan® water system and (3) without prior express written consent." Excluded from the Settlement Class are: (1) Defendants, any parent, subsidiary, affiliate, or controlled person of Defendants, as well as its attorneys, officers, directors, or agents, and the immediate family members of such persons; (2) the named counsel in the Action and any employee of their office or firm; and (3) the judge(s) assigned to the Action and his or her staff.

4. The Court confirms the preliminary appointment of Aaron Kapp as the Class Representative and Plaintiff's attorneys (Phillip A. Bock and David M. Oppenheim of Bock Law Firm LLC dba Bock Hatch & Oppenheim LLC) as Class Counsel.

5. The Court finds that the Settlement Agreement was reached in good faith, following arm's-length negotiations.

6. Upon the Declaration of Dorothy Sue Merryman, the Court finds that the notice provided to the Settlement Class Members was the best notice practicable under the circumstances and it satisfied the requirements of due process and Fed. R. Civ. P. 23.

7. No objections were received. The following persons validly requested exclusion from the Settlement Class and the settlement and are hereby excluded: Matt/Linda Cichowski, Haeng Park, John Rosenbaum, Lois Anderson, Dennis Jacobson, and Lynn Williams.

8. After due consideration of, among other things, the uncertainty about the likelihood of: (a) the Settlement Class's ultimate success on the merits; (b) the range of the Settlement Class's

possible recovery; (c) the complexity, expense and duration of the litigation; (d) the substance and amount of opposition to the settlement; (e) the state of proceedings at which the settlement was achieved; (f) all written submissions, declarations and arguments of counsel; and (g) after notice and hearing, this Court finds that the settlement is fair, adequate and reasonable. This Court also finds that the financial settlement terms fall within the range of settlement terms that would be considered fair, adequate and reasonable. Accordingly, this Settlement Agreement should be and is APPROVED, its terms are incorporated herein and shall govern all issues regarding the settlement and all rights of the Parties, including the members of the Settlement Class. Each member of the Settlement Class (including any person or entity claiming by or through him, her or it, but except those persons identified above who have previously excluded themselves from the Settlement Class) shall be bound by the Settlement Agreement, including being subject to the Releases set forth in the Settlement Agreement.

9. Defendants have agreed to make available a settlement fund of $525,000.00 (the "Settlement Fund") to pay approved claims, class action settlement administration costs, Class Counsel's attorney fees, costs, and expenses, and a service award to Plaintiff as determined and awarded by this Court.

10. As agreed in and subject to the Settlement Agreement, each person who submits a timely and valid claim will be paid their *pro rata* share of the Settlement Fund less the approved attorney fees, expenses, cost of administration, and incentive award. The Settlement Administrator will cause those payments to be made after receiving the Settlement Fund from Defendants. Checks issued to the claimants will be void 181 days after issuance and any amount from voided checks shall be paid as *cy pres* in equal shares to the following organizations: Legal Aid Society of Milwaukee and Legal Action of Wisconsin.

11.     The Court approves Class Counsel's request for attorney fees of $175,000.00 and out-of-pocket expenses in the amount of $6,242.12. Defendants shall pay these amounts from the Settlement Fund.

12.     The Court approves a $15,000 service award to the named Plaintiff, Aaron Kapp, for serving as the Class Representative. Defendants shall pay this amount from the Settlement Fund.

13.     The Court expressly adopts and incorporates herein all the terms of the Settlement Agreement. The Parties to the Settlement Agreement shall carry out their respective obligations under that Agreement.

14.     This action is hereby dismissed with prejudice and without taxable costs to any Party.

15.     Claims or causes of action of any kind by any Settlement Class member or anyone claiming by or through him, her or it brought in this Court or any other forum (other than those by persons who have opted out of this action) are barred pursuant to the Releases set forth in the Settlement Agreement. All persons and entities are enjoined from asserting any claims that are being settled or released herein, either directly or indirectly, against Defendants, in this Court or any other court or forum.

16.     The Court retains jurisdiction over this action, Plaintiff and the Settlement Class, and Defendants, to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to, their administration, implementation, interpretation or enforcement. The Court further retains jurisdiction to enforce this Order.

17. The Court finds that there is no just reason to delay the enforcement of this Final Approval Order.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 21st day of December, 2022.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge